DAVID BLOCH (SBN 184530)
david.bloch@gtlaw.com
GREENBERG TRAURIG, LLP
101 Second Street, Suite 2200
San Francisco, California 94105
Tel:    415.590.5110
Fax:    415.707.2010

HENRY STROUD (SBN 342479)
henry.stroud@gtlaw.com
GREENBERG TRAURIG, LLP
400 Capitol Mall, Suite 2400
Sacramento, CA 95814
Tel:    916.442.1111
Fax:    916.448.1709

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

(Additional Counsel listed in signatory page)

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

## FRESNO DIVISION

| | |
|---|---|
| MERIDIAN GROWERS PROCESSING, INC., a California Corporation; PARTNERS PERSONNEL – MANAGEMENT SERVICES, LLC, a Delaware Limited Liability Company, <br><br> Plaintiffs, <br><br> vs. <br><br> J.P. MORGAN CHASE BANK, N.A., a Delaware corporation; JOHN DOE ONE, an individual; DOES 2-50, inclusive, <br><br> Defendants. | CASE NO. <br><br> **DEFENDANT JPMORGAN CHASE BANK, N.A.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446** <br><br> Action Filed in State Court: May 30, 2024 <br> First Amended Complaint and Summons Served: June 3, 2024 <br> Action Removed: July 2, 2024 |

1

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant JPMorgan Chase Bank, N.A. ("Chase"), hereby removes the action pending as *Meridian Growers Processing, Inc., a California Corporation; Partners Personnel – Management Services, LLC, a Delaware Limited Liability Company v. JPMorgan Chase Bank, N.A., a Delaware corporation; John Doe One, an individual, Does 2-50, inclusive*, Case No. MCV089657, from the Superior Court of the State of California, County of Madera (the "State Court Action"), to the United States District Court for the Eastern District of California. In support of this removal, Chase hereby provides "a short and plain statement of the grounds for removal" pursuant to 28 U.S.C. § 1446(a).[1]

## JURISDICTION

1.      This Court has original jurisdiction over the State Court Action because it is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §§ 1332(a)(1), 1441(b). Chase also is not a citizen of California, the state in which the State Court Action is brought. 28 U.S.C. § 1441(b)(2).

## VENUE

2.      The State Court Action was filed in the Superior Court of the State of California, County of Madera. Venue properly lies in the United States District Court for the Eastern District of California. 28 U.S.C. §§ 84(d),1441(a).

## REMOVAL IS TIMELY

3.      A notice of removal is to be filed within thirty days of service of an initial pleading or other document from which it is ascertainable that the case is removable. 28 U.S.C. §§ 1446(b)(1), (b)(3).

---

[1] If the Court requests additional information or removal is challenged, Chase will provide evidence supporting the Court's jurisdiction, and Chase requests the opportunity to brief any disputed issues and to present oral argument, if necessary. *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 84 (2014) (a removing defendant is only required to provide a "short and plain statement" of the bases for removal and need not present or plead evidentiary detail); *Janis v. Health Net, Inc.*, 472 F. App'x 533, 534 (9th Cir. 2013) ("Nothing in 28 U.S.C. § 1446 requires a removing defendant to attach evidence of the federal court's jurisdiction to its notice of removal. Section 1446(a) requires merely a 'short and plain statement of the grounds for removal'") (citations omitted); *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 924 (9th Cir. 2019) ("when a notice of removal plausibly alleges a basis for federal court jurisdiction, a district court may not remand the case back to state court without first giving the defendant an opportunity to show by a preponderance of evidence that the jurisdictional requirements are satisfied").

NOTICE OF REMOVAL OF ACTION FROM STATE COURT

Because the removed case was filed in Madera County, this matter should be assigned to the Fresno Division pursuant to Local Rule 120(d).

4.   Chase was served with a copy of the Complaint on June 3, 2024.

5.   Chase's deadline for removal is July 3, 2024.

6.   Therefore, this Notice of Removal is timely.

## **NO OTHER DEFENDANTS**

7.   Chase is presently the only named defendant in this lawsuit, and thus "all defendants who have been properly joined and served" consent to the removal of this Action. 28 U.S.C. § 1446(b)(2)(A).

## **ORIGINAL JURISDICTION PURSUANT TO 28 U.S.C. § 1332(a)**

8.   This Court has jurisdiction over the State Court Action under 28 U.S.C. § 1332(a). Under section 1332, federal courts have original jurisdiction of "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ."  28 U.S.C. § 1332(a)(1).  Both requirements are satisfied here. There is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## **Nature of Action and Claims**

9.   The First Amended Complaint relates to Plaintiffs Meridian Growers Processing, Inc. ("Meridian") and Partners Personnel – Management Services, LLC's ("Partners Personnel") (collectively the "Plaintiffs") claims related to an alleged fraudulent scheme conducted by the unnamed party that purportedly maintained an account with Chase. (*See* First Amended Complaint, attached hereto as **Exhibit A**.) Plaintiffs allege that in 2022 the unnamed party defrauded Plaintiffs by posing as an employee and/or agent of Partners Personnel and instructing Meridian to issue three payment orders totaling over $380,000 to the purported fraudulent account maintained by Chase. (*See generally* Ex. A.) Based on these allegations, Plaintiffs allege two claims against Chase for wrongful payment of wire transfer and declaratory relief. Chase denies Plaintiffs' claims, denies any alleged wrongdoing, and denies that Plaintiffs are entitled to any relief from Chase.

NOTICE OF REMOVAL OF ACTION FROM STATE COURT

**Complete Diversity of Citizenship Exists Between the Parties**

10.     Diversity is determined by the citizenship of the parties at the time of removal. "In cases where entities rather than individuals are litigants, diversity jurisdiction depends on the form of the entity." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); 28 U.S.C. § 1332(c)(1).

11.     The citizenship of a corporation depends on the company's state of incorporation and principal place of business. 28 U.S.C. § 1332(c)(1). To determine a corporation's principal place of business, courts apply the "nerve center" test, which deems the principal place of business to be the state in which the corporation's officers direct, control, and coordinate the corporation's activities. *Hertz Corp. v. Friend*, 559 U.S. 77, 91 (2010). A corporation's principal place of business will typically be where the corporation maintains its headquarters. *Id*. at 81.

12.     Plaintiff Meridian is, and was at the time the State Court Action was filed, a California corporation with its principal place of business in Madera County, California. (Ex. A, Compl., ¶ 1.) Accordingly, Meridian is a citizen of the State of California for diversity purposes.

13.     Courts treat limited liability companies the same as partnerships for diversity jurisdiction purposes, and therefore look to the citizenship of each member of the company. *Columbia Properties Anchorage, LP*, 437 F.3d at 899; 28 U.S.C. § 1332(c)(1).

14.     "The status of the parties' citizenship … can be determined from the complaint or from other sources, including statements made in the notice of removal." *Martinez v. Michaels*, 2015 WL 4337059, at *3 (C.D. Cal. July 15, 2015).

15.     Based on publicly available information, Partners Personnel's is "wholly-owned" by Staffing Partners Holdings, Inc. *See* Notice of Affiliates attached hereto as **Exhibit B**. Staffing Partners Holdings, Inc. is a Delaware corporation with its principal place of business in Santa Barbara, California. Accordingly, Partners Personnel is a citizen of the States of Delaware and California for diversity purposes.

16.     A national banking association is a citizen only "of the State in which its main office, as set forth in its articles of association, is located." *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307 (2006); *see also Rouse v. Wachovia Mortg.*, *FSB*, 747 F.3d 707, 708 (9th Cir. 2014) ("[A] national bank

-3-

is 'located' only in the state designated as its main office.").

17.    Chase is a national banking association with its main office, as designated by its articles of incorporation, in Columbus, Ohio. Accordingly, Chase is a citizen of the State of Ohio for diversity purposes.

18.    Doe defendants are disregarded when determining diversity jurisdiction for removal. 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded"); *Aguilar v. McKesson Corp.*, 2016 WL 2616529, at *2 (E.D. Cal. May 6, 2016) ("the citizenship of the unidentified Doe defendants is immaterial for determining diversity jurisdiction.").

19.    Therefore, there is complete diversity of citizenship between Plaintiffs and Chase because Meridian is a citizen of California, Partners Processing is a citizen of Delaware and California, and Chase is a citizen of Ohio.

### The Amount-in-Controversy Requirement Is Met

20.    Chase in no way concedes it has any liability to Plaintiffs, and denies that Plaintiffs are entitled to recover any of the relief requested in the Complaint. However, the amount in controversy "is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Korn v. Polo Ralph Lauren Corporation*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) (quoting *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005)). When measuring the amount in controversy, "a court must 'assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.'" *Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012) (citing *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)). Further, defenses that a defendant may assert are not considered in assessing the amount placed in controversy. *See Lara v. Trimac Transp. Servs. (W.) Inc.*, No. CV 10-4280-GHK JCX, 2010 WL 3119366, at *3 (C.D. Cal. Aug. 6, 2010) ("affirmative defenses, counterclaims, and potential offsets may not be invoked to demonstrate the amount-in-controversy is actually less than the jurisdictional minimum.").

21.    Plaintiffs allege they have been harmed in an amount of $382,353.75. (Ex. A, ¶ 96.)

22.    Accordingly, the requisite amount in controversy for diversity actions set forth in 28

NOTICE OF REMOVAL OF ACTION FROM STATE COURT

U.S.C. § 1332(a) is satisfied.

## COMPLIANCE WITH STATUTORY REQUIREMENTS

23.     Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders for the State Court Action served upon Chase or available on the Superior Court, County of Madera website as of this date of removal are attached hereto as **Exhibits A and C**. For the Court's ease of reference, these documents consist respectively of: Plaintiffs' Summons and Complaint (**Exhibit A**) and the remainder of the state court file (**Exhibit C**).

24.     Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be promptly filed with the Superior Court of California, County of Madera.

25.     Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given promptly to all adverse parties.

## RESERVATION OF RIGHTS AND DEFENSES

26.     By filing this Notice of Removal, Chase does not waive any defenses that may be available to it and reserves all such defenses. In addition, Chase does not concede that Plaintiffs have stated any claim upon which relief may be granted, or that Plaintiffs are entitled to any relief of any nature.

27.     The undersigned counsel for Chase has read the foregoing and signs the Notice of Removal pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. 1446(a).

WHEREFORE, Chase removes the State Court Action to this Court from the Superior Court of the State of California for the County of Madera.

Dated: July 3, 2024                    GREENBERG TRAURIG, LLP


                                       By:   _/s/David S. Bloch_____
                                             David s. Bloch
                                             Attorneys for Defendant
                                             JPMORGAN CHASE BANK, N.A.

-5-

NOTICE OF REMOVAL OF ACTION FROM STATE COURT