# EXHIBIT A

## Service of Process Transmittal Summary

**TO:**      Tonya Anderson
             JPMorgan Chase Bank, N.A.
             700 KANSAS LN
             MONROE, LA 71203-4774

**RE:**      **Process Served in California**

**FOR:**     JPMorgan Chase Bank, N.A.  (Domestic State: N/A)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | MERIDIAN GROWERS PROCESSING, INC., a California Corporation; PARTNERS PERSONNEL - MANAGEMENT SERVICES, LLC, a Delaware Limited Liability Company vs. JPMORGAN CHASE BANK, N.A. |
| **CASE #:** | MCV089657 |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 06/03/2024 at 14:21 |
| **JURISDICTION SERVED:** | California |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/04/2024, Expected Purge Date: 07/04/2024<br><br>Image SOP |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203<br>877-564-7529<br>MajorAccountTeam1@wolterskluwer.com |

**DOCKET HISTORY:**

| DOCUMENT(S) SERVED | DATE/METHOD OF SERVICE | TO | LOG NUMBER |
|---|---|---|---|
| -- | By Process Server on 07/19/2023 at 12:27 | National Subpoena Processing JPMorgan Chase Bank, N.A. | 544324569 |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

 Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

**Date:** Mon, Jun 3, 2024
**Server Name:** Janney and Janney

| Entity Served | JPMORGAN CHASE BANK, NATIONAL ASSOCIATION |
|---|---|
| Case Number | MCV089657 |
| Jurisdiction | CA |

| Inserts |
|---|
| | | |



*AMENDED*
# SUMMONS
## *(CITACION JUDICIAL)*

**SUM-100**

<div style="margin-left:2em; transform: rotate(90deg)">Electronically Submitted on 05/30/24 10:50 AM</div>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
JPMorgan Chase Bank, N.A., a Delaware corporation; JOHN DOE ONE, an individual; DOES 2 -50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MERIDIAN GROWERS PROCESSING, INC., a California Corporation; PARTNERS PERSONNEL – MANAGEMENT SERVICES, LLC, a Delaware Limited Liability Company

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of Madera
05/30/2024 at 10:50:03 AM
By: Rosie Bueno, Deputy Clerk

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Madera Superior Court - 200 South G Street, Madera, CA 93637

**CASE NUMBER:** *(Número del Caso):*
**MCV089657**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Armen Manasserian - Manasserian Law, APC - 595 E. Colorado Blvd., Ste. 810, Pasadena, CA 91101 (626) 469-0500

DATE:
*(Fecha)* 05/30/2024    Adrienne Calip / Clerk of Court    Clerk, by *(Secretario)* _____, Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* JPMorgan Chase Bank, N.A., a Delaware corporation
   under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* JUN 0 3 2024

The electronic signature and seal on this document have the same validity and legal force and effect as an original signature and court seal. California Government Code §68150(g).

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

**ELECTRONICALLY FILED**
Superior Court of California,
County of Madera
**05/30/2024 at 10:50:03 AM**
By: Rosie Bueno, Deputy Clerk

**MANASSERIAN LAW, APC**
Armen Manasserian (SBN 288199)
595 E. Colorado Blvd., Suite 810
Pasadena, California 91101
Tel.: (626) 469-0500
Fax: (626) 469-0510
Email: armen@ml-apc.com

Counsel for Plaintiffs,
Meridian Growers Processing, Inc. and
Partners Personnel – Management Services, LLC

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF MADERA**

| | |
|---|---|
| MERIDIAN GROWERS PROCESSING, INC., a California Corporation; PARTNERS PERSONNEL – MANAGEMENT SERVICES, LLC, a Delaware Limited Liability Company,<br><br>Plaintiffs,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A., a Delaware corporation; JOHN DOE ONE, an individual; DOES 2 - 50, inclusive,<br><br>Defendants. | Case No.: MCV089657<br><br>**FIRST AMENDED COMPLAINT** |

///

1

**FIRST AMENDED COMPLAINT**

## PARTIES

1.      Plaintiff Meridian Growers Processing, Inc. ("Meridian") is a California corporation with a principal place of business in Madera County, California.

2.      Plaintiff Partners Personnel – Management Services, LLC ("Partners Personnel") is a Delaware limited liability company with a principal place of business in Santa Barbara County, California.

3.      On information and belief, Defendant JPMorgan Chase Bank, N.A. ("Chase") is a Delaware corporation, with its principal place of business in New York County, New York, and offices and bank branches throughout California, including in Madera County, California.

4.      Plaintiffs Meridian and Partners Personnel (together, "Plaintiffs") are unaware of the true name of the defendant named herein as John Doe One, but allege on information and belief that John Doe One is in some manner responsible for the events alleged herein.  Plaintiffs therefore sue this defendant by such fictitious name and will amend this Complaint to state his or her true name where Plaintiffs ascertain the same.

5.      Plaintiffs allege on information and belief that Defendant John Doe One is an individual who intentionally advanced malicious, harmful and abusive schemes against Plaintiffs, and defrauded Plaintiffs in Madera County, California.

6.      Plaintiffs are unaware of the true names and capacities of the defendants named herein as Does 2 through 50, inclusive, but allege on information and belief that they are in some manner responsible for the events alleged herein.  Plaintiffs therefore sue these defendants by such fictitious names and will amend this Complaint to state their true names and capacities when Plaintiffs ascertain the same.

7.      Each defendant is in some way responsible for the damages sustained by Plaintiffs. When the Complaint references any act of any defendant or defendants, such reference shall mean the act of those defendants named in the particular cause of action and each of them acting individually, jointly and severally.

///

///

2

**FIRST AMENDED COMPLAINT**

## JURISDICTION AND VENUE

8.      Venue is proper in this Court because the events giving rise to this action occurred in Madera County, California.

9.      Venue is also proper in this Court because, on information and belief, the defendants reside and/or conduct business in Madera County, California.

10.      This action arises from and is related to the defendants' forum contacts and activities, such that the exercise of jurisdiction and venue in this forum is fair and reasonable.

## GENERAL ALLEGATIONS

11.      Plaintiff Meridian provides processing services for growers of pistachios in California.

12.      Plaintiff Partners Personnel provides staffing services nationwide.

13.      At all times relevant herein, Partners Personnel provided staffing services to Meridian.

14.      On information and belief, in 2022, Defendant John Doe One hacked, phished, and/or intercepted emails between Meridian and Partners Personnel.

15.      On information and belief, in 2022, Defendant John Doe One sent emails to Meridian in the first person as a purported employee and/or agent of Partners Personnel.

16.      While posing as an employee and/or agent of Partners Personnel, Defendant John Doe One instructed Meridian to redirect outstanding payments, owed by Meridian to Partners Personnel, to a purported "new account" of Partners Personnel.

17.      In reality, the purported "new account" of Partners Personnel was the personal bank account of an unnamed individual who is a retired veteran (the "Fraudulent Account").

18.      The Fraudulent Account was maintained by Defendant Chase.

19.      On information and belief, the unnamed individual ("Unnamed Party") used the account for checking and non-business purposes.

20.      Defendant John Doe One transferred the fraudulently obtained funds from Meridian in the Fraudulent Account maintained by Defendant Chase to another account.

21.      From September 2022 to October 2022, Defendant John Doe One defrauded

3

**FIRST AMENDED COMPLAINT**

Plaintiffs by inducing Meridian to issue three payment orders, totaling over $380,000.00, to the Fraudulent Account.

22.     Specifically, on September 14, 2022, Partners Personnel emailed Meridian with a summary of outstanding invoices.  The summary reflected the following balances:

| Client Name | Invoice Date | Invoice Number | Total Amount Due |
|---|---|---|---|
| Meridian | 7/31/2022 | 500049501 | ($10.10) |
| Meridian | 8/28/2022 | 500057511 | $3,160.06 |
| Meridian | 8/28/2022 | 500057512 | $1,814.05 |
| Meridian | 8/28/2022 | 500057513 | $6,969.35 |
| Meridian | 8/28/2022 | 500057514 | $2,077.16 |
| Meridian | 8/28/2022 | 500057515 | $41,673.22 |
| Meridian | 8/28/2022 | 500057516 | $21,788.22 |
| Meridian | 8/28/2022 | 500057517 | $1,138.68 |
| Meridian | 8/28/2022 | 500058153 | $848.00 |
| Meridian | 9/4/2022 | 500058581 | $124,030.27 |
| Meridian | 9/4/2022 | 500062894 | $985.92 |
| | | | **$204,474.83** |

23.     On September 21, 2022, Meridian employee Kathy Flores emailed Partners Personnel and requested a new summary of outstanding invoices.

24.     On September 21, 2022, Partners Personnel employee Ashleigh Haddad responded to Ms. Flores' email and provided a new summary, reflecting the following outstanding balances:

| Client Name | Invoice Date | Invoice Number | Total Amount Due |
|---|---|---|---|
| Meridian | 7/31/2022 | 500049501 | ($10.10) |
| Meridian | 8/28/2022 | 500057515 | $359.61 |
| Meridian | 9/4/2022 | 500058581 | $124,030.27 |
| Meridian | 9/4/2022 | 500062894 | $985.92 |
| Meridian | 9/11/2022 | 500065793 | $142,756.91 |
| Meridian | 9/18/2022 | 500066988 | $131,928.56 |
| Meridian | 9/18/2022 | 500068150 | $338.24 |
| | | | **$400,389.41** |

25.     On September 21, 2022, Ms. Flores responded to Ms. Haddad's email, thanking Ms. Haddad for the updated summary.

26.     On September 28, 2022, Ms. Flores received a response, in the same email chain,

4

**FIRST AMENDED COMPLAINT**

from "Ashleigh Haddad" -- with what appeared to be Ms. Haddad's email address ("September 28, 2022 Email").

27.     The September 28, 2022 Email was also addressed to the same Meridian recipients, and seemingly the same Partners Personnel recipients, as Ms. Haddad's prior email from September 21, 2022.

28.     Plaintiffs subsequently discovered that the September 28, 2022 Email was sent by Defendant John Doe One, posing as Ashleigh Haddad, with a virtually identical email address as Ashleigh Haddad.

29.     Plaintiffs also subsequently discovered that the other "Partners Personnel" recipients in the September 28, 2022 Email were also fake accounts created by Defendant John Doe One, which were also virtually identical to the email addresses they mimicked.

30.     In the September 28, 2022 Email, Defendant John Doe One, posing as Ashleigh Haddad, requested an update on the status of payments, then stated that Partners Personnel had a new bank account, to which it preferred to receive future payments, and offered to provide the new ACH information.

31.     Ms. Flores responded to the September 28, 2022 Email by stating that Meridian had already paid Partners Personnel for the invoices dated September 4, 2022.  Ms. Flores requested confirmation of receipt of those payments.

32.     In response, Defendant John Doe One, still posing as Ashleigh Haddad, falsely confirmed receipt of Meridian's payments on the September 4, 2022 invoices into Partners Personnel's "old account."  Defendant John Doe One then provided the ACH information of the Fraudulent Bank Account, and asked Ms. Flores to "update accordingly and ensure payments going forward" are sent to the Fraudulent Bank Account.

33.     On September 30, 2022, Meridian submitted a payment order to its bank to wire a total of **$142,756.91** to the Fraudulent Bank Account ("Payment Order One").

34.     Payment Order One listed the recipient as "Partners Personnel Management," with an email address of "espererepay@espererholdings.com."

35.     Payment Order One notated that the wire was for "Invoice # 500065793."

5

**FIRST AMENDED COMPLAINT**

36.    At the time of Payment Order One, Meridian believed it was issuing Payment Order One to a bank account of Partners Personnel.

37.    At the time of Payment Order One, Meridian did not know that the Fraudulent Bank Account belonged to Unnamed Party and not Partners Personnel.

38.    On October 11, 2022, Meridian submitted a payment order to its bank to wire a total of **$132,266.80** to the Fraudulent Bank Account ("Payment Order Two").

39.    Payment Order Two twice-listed the recipient as "Partners Personnel Management," and twice-listed the email address of the recipient as "espererepay@espererholdings.com."

40.    Payment Order Two notated that the wire was for two invoices:  (1) "Invoice # 500066988" – in the amount of $131,928.56; and (2) "Invoice # 500068150" – in the amount of $338.24.

41.    At the time of Payment Order Two, Meridian believed it was issuing Payment Order Two to a bank account of Partners Personnel.

42.    At the time of Payment Order Two, Meridian did not know that the Fraudulent Bank Account belonged to Unnamed Party and not Partners Personnel.

43.    On October 17, 2022, Meridian submitted a payment order to its bank to wire a total of **$107,330.04** to the Fraudulent Bank Account ("Payment Order Three").

44.    Payment Order Three listed the recipient four times as "Partners Personnel Management," and listed the email address of the recipient four times as "espererepay@espererholdings.com."

45.    Payment Order Three notated that the wire was for four invoices:  (1) "Invoice # 500069598" – in the amount of $84,155.62; (2) "Invoice # 500057515-1" – in the amount of $309.45; (3) "Invoice # 500057516-1" – in the amount of $50.16; and (4) "Invoice # 500071050" – in the amount of $154.08.

46.    At the time of Payment Order Three, Meridian believed it was issuing Payment Order Three to a bank account of Partners Personnel.

47.    At the time of Payment Order Three, Meridian did not know that the Fraudulent

6

**FIRST AMENDED COMPLAINT**

Bank Account belonged to Unnamed Party and not Partners Personnel.

48. Through the three payment orders, Meridian's bank wired a total of **$382,353.75** (the "Subject Funds") to the Fraudulent Bank Account.

49. Thereafter, Plaintiffs Meridian and Partners Personnel discovered that they had been the victims of an online hack.

## FIRST CAUSE OF ACTION

### CONVERSION

### By Plaintiff Meridian

### Against Defendants John Doe One and Does 2-50

50. Plaintiffs hereby incorporate all previous paragraphs of this Complaint as though fully set forth herein.

51. Plaintiff Meridian owned, possessed and/or had a right to possess the Subject Funds.

52. Defendant John Doe One substantially interfered with the Subject Funds by knowingly and intentionally taking possession of the Subject Funds, including through hacking, phishing, intercepting emails between Meridian and Partners Personnel, and related deceit.

53. Plaintiff Meridian did not consent to Defendant John Doe One's taking possession of the Subject Funds.

54. Plaintiff Meridian was harmed by Defendant John Doe One's conduct.

55. Defendant John Doe One's conduct was a substantial factor in causing harm to Plaintiff Meridian.

56. As a direct and proximate cause of Defendant John Doe One's conduct, Plaintiff Meridian has suffered damages in an amount no less than $382,353.75.

57. Defendant John Doe One committed all of the above-referenced acts willfully, wantonly, maliciously, and with the intent to defraud and injure Plaintiff Meridian, thereby entitling Plaintiff Meridian to exemplary and punitive damages, attorney's fees, and any and all other relief authorized by law.

7

**FIRST AMENDED COMPLAINT**

## SECOND CAUSE OF ACTION

### CONVERSION

**By Plaintiff Partners Personnel**

**Against Defendants John Doe One and Does 2-50**

58.    Plaintiffs hereby incorporate all previous paragraphs of this Complaint as though fully set forth herein.

59.    Plaintiff Partners Personnel had a right to possess the Subject Funds.

60.    Defendant John Doe One substantially interfered with the Subject Funds by knowingly and intentionally taking possession of the Subject Funds, including through hacking, phishing, intercepting emails between Meridian and Partners Personnel, and related deceit.

61.    Plaintiff Partners Personnel did not consent to Defendant John Doe One's taking possession of the Subject Funds.

62.    Plaintiff Partners Personnel was harmed by Defendant John Doe One's conduct.

63.    Defendant John Doe One's conduct was a substantial factor in causing harm to Plaintiff Partners Personnel.

64.    As a direct and proximate cause of Defendant John Doe One's conduct, Plaintiff Partners Personnel has suffered damages in an amount no less than $382,353.75.

65.    Defendant John Doe One committed all of the above-referenced acts willfully, wantonly, maliciously, and with the intent to defraud and injure Plaintiff Partners Personnel, thereby entitling Plaintiff Partners Personnel to exemplary and punitive damages, attorney's fees, and any and all other relief authorized by law.

## THIRD CAUSE OF ACTION

### FRAUD

**By Plaintiff Meridian**

**Against Defendants John Doe One and Does 2-50**

66.    Plaintiffs hereby incorporate all previous paragraphs of this Complaint as though fully set forth herein.

///

8

**FIRST AMENDED COMPLAINT**

67. Defendant John Doe One represented himself/herself to Meridian as an employee or agent of Partners Personnel.

68. Defendant John Doe One, while posing as Partners Personnel, represented to Meridian that Partners Personnel had a new bank account, *i.e.*, the Fraudulent Bank Account.

69. Defendant John Doe One, while posing as Partners Personnel, represented to Meridian that Partners Personnel wished to receive all future payments from Meridian into the Fraudulent Bank Account.

70. Defendant John Doe One, while posing as Partners Personnel, further represented to Meridian that the ACH information it was providing to Meridian, *i.e.*, for the Fraudulent Bank Account, was for an actual bank account of Partners Personnel.

71. The above-referenced representations of Defendant John Doe One were false.

72. Defendant John Doe One knew that the above-referenced representations were false when Defendant John Doe One made them.

73. Defendant John Doe One intended that Meridian rely on each of the above-referenced misrepresentations.

74. Meridian reasonably relied on each of Defendant John Doe One's above-referenced misrepresentations.

75. Meridian's reliance on each of Defendant John Doe One's above-referenced misrepresentations was a substantial factor in causing Meridian's harm.

76. As a direct and proximate cause of Defendant John Doe One's conduct, Plaintiff Meridian has suffered damages in an amount no less than $382,353.75.

77. Defendant John Doe One committed all of the above-referenced acts willfully, wantonly, maliciously, and with the intent to defraud and injure Plaintiff Meridian, thereby entitling Plaintiff Meridian to exemplary and punitive damages, attorney's fees, and any and all other relief authorized by law.

///

///

///

9

**FIRST AMENDED COMPLAINT**

## FOURTH CAUSE OF ACTION

### WRONGFUL PAYMENT OF WIRE TRANSFER

### By Plaintiffs Meridian and Partners Personnel

### Against JPMorgan Chase Bank, N.A. and Does 2-50

78.    Plaintiffs hereby incorporate all previous paragraphs of this Complaint as though fully set forth herein.

79.    Article 4A of the Uniform Commercial Code, as codified in division 11 of the California Commercial Code, governs the rights and obligations resulting from "funds transfer." Cal. U. Com. Code §§ 11101, *et seq.*

80.    Defendant Chase owed Meridian and Partners Personnel duties and obligations under California Uniform Commercial Code section 11207.

81.    Defendant Chase had actual knowledge of the inconsistency between the intended beneficiary name, Partners Personnel, and the Fraudulent Account number belonging to Unnamed Party.

82.    Defendant Chase knew that the name of the intended beneficiary, Partners Personnel, and the Unnamed Party's account number, bore no resemblance to and had nothing in common with each other.

83.    Neither Meridian nor Partners Personnel maintain accounts with Defendant Chase.

84.    Meridian has never wired money to Partners Personnel through Defendant Chase.

85.    Defendant Chase knew that Nonparty was retired and did not work.

86.    Defendant Chase knew that Nonparty's current income came from pensions and retirement accounts.

87.    Due to the discrepancy between the intended beneficiary name and the Fraudulent Account number, Defendant Chase wired the funds to the Fraudulent Account.

88.    The funds transferred to the Fraudulent Account were immediately depleted. Defendant John Doe One transferred the fraudulently obtained funds from Meridian in the Fraudulent Account to another account.

89.    On September 30, 2022, Meridian issued a wire transfer to intended beneficiary

10

### FIRST AMENDED COMPLAINT

Partners Personnel in the amount of $142,756.91 reflecting a notation that payment was for "Invoice # 500065793."

90.    On October 11, 2022, Meridian issued a wire transfer to intended beneficiary Partners Personnel in the amount of $132,266.80 reflecting a notation that payment was for "Invoice # 500066988" and "Invoice # 500068150."

91.    On October 17, 2022, Meridian issued a wire transfer to intended beneficiary Partners Personnel in the amount of $107,330.04 reflecting a notation that payment was for "Invoice # 500069598," "Invoice # 500057515-1," "Invoice # 500057516-1," "Invoice # 500071050."

92.    Within just 17 days, Defendant Chase processed three wire transfers into the Fraudulent Account, belonging to a retired individual, totaling $382,353.75.

93.    There exists a complete disconnect between the designated beneficiary and account because the designated beneficiary and account name bear no resemblance to each other and have nothing common with each other. ·

94.    Since there exists a complete disconnect between the designated beneficiary and account, Defendant Chase was not entitled to rely solely on the intended beneficiary account number as the proper identification of the beneficiary wire transfer order.

95.    No person had rights as beneficiary and Defendant Chase, therefore, breached its obligations under California Uniform Commercial Code section 1120 when it accepted the three wire transfer orders from Meridian.

96.    As a direct and proximate cause of Defendant Chase's conduct, Plaintiff Meridian has suffered damages in an amount no less than $382,353.75.

<div align="center">

**FIFTH CAUSE OF ACTION**

**DECLARATORY RELIEF**

**By Plaintiffs Meridian and Partners Personnel**

**Against John Doe One, JPMorgan Chase Bank, N.A. and Does 2-50**

</div>

97.    Plaintiffs hereby incorporate all previous paragraphs of this Complaint as though fully set forth herein.

<div align="center">

11

**FIRST AMENDED COMPLAINT**

</div>

98.     An actual controversy exists between Plaintiffs and Defendant John Doe One relating to the legal rights and duties of the respective parties concerning John Doe One's hacking, phishing, intercepting of emails, and related deceit.

99.     An actual controversy exists between Plaintiffs and Defendant Chase relating to Chase's legal obligations under California Uniform Commercial Code section 11207.

100.    Accordingly, Plaintiffs respectfully request the Court adjudicate the legal rights and duties of the respective parties concerning the allegations set forth above.

### PRAYER FOR RELIEF

Wherefore, Plaintiffs pray for judgment against Defendants, and each of them, jointly and severally, and that the Court award Plaintiffs as follows:

### ON THE FIRST CAUSE OF ACTION

1.     For compensatory damages against Defendants, and each of them, jointly and severally, in an amount no less than $382,353.75.

2.     For punitive damages against Defendants, and each of them, jointly and severally, in an amount not to exceed the limits of constitutional due process.

3.     For costs of suit.

4.     For such other relief as the Court may deem just and proper.

### ON THE SECOND CAUSE OF ACTION

1.     For compensatory damages against Defendants, and each of them, jointly and severally, in an amount no less than $382,353.75.

2.     For punitive damages against Defendants, and each of them, jointly and severally, in an amount not to exceed the limits of constitutional due process.

3.     For costs of suit.

4.     For such other relief as the Court may deem just and proper.

### ON THE THIRD CAUSE OF ACTION

1.     For compensatory damages against Defendants, and each of them, jointly and severally, in an amount no less than $382,353.75.

2.     For punitive damages against Defendants, and each of them, jointly and severally,

12

**FIRST AMENDED COMPLAINT**

in an amount not to exceed the limits of constitutional due process.

3.    For costs of suit.

4.    For such other relief as the Court may deem just and proper.

## ON THE FOURTH CAUSE OF ACTION

5.    For compensatory damages against Defendants, and each of them, jointly and severally, in an amount no less than $382,353.75.

6.    For punitive damages against Defendants, and each of them, jointly and severally, in an amount not to exceed the limits of constitutional due process.

7.    For costs of suit.

8.    For such other relief as the Court may deem just and proper.

## ON THE FIFTH CAUSE OF ACTION

1.    For declaratory relief concerning the legal rights and duties of the respective parties hereto.

2.    For such other relief as the Court may deem just and proper.

## ON ALL CAUSES OF ACTION

1.    For a jury trial.

2.    For costs of suit.

3.    For interest.

4.    For such other relief as the Court may deem just and proper.


Dated: May 29, 2024                    MANASSERIAN LAW, APC


By: /s/ *Armen Manasserian*
Armen Manasserian, Esq.
Counsel for Plaintiffs,
Meridian Growers Processing, Inc. and
Partners Personnel – Management Services, LLC

13

**FIRST AMENDED COMPLAINT**

Electronically Submitted on 05/30/24 4:55 PM

**MANASSERIAN LAW, APC**
Armen Manasserian (SBN 288199)
595 E. Colorado Blvd., Suite 810
Pasadena, California 91101
Tel.: (626) 469-0500
Fax: (626) 469-0510
Email:  armen@ml-apc.com

Counsel for Plaintiffs,
Meridian Growers Processing, Inc. and
Partners Personnel – Management Services, LLC

**ELECTRONICALLY FILED**
Superior Court of California,
County of Madera
**05/30/2024 at 04:55:05 PM**
By: Danyele Cerda, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF MADERA

| | |
|---|---|
| MERIDIAN GROWERS PROCESSING, INC., a California Corporation; PARTNERS PERSONNEL – MANAGEMENT SERVICES, LLC, a Delaware Limited Liability Company,<br><br>Plaintiffs,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A., a Delaware corporation; JOHN DOE ONE, an individual; DOES 2 - 50, inclusive,<br><br>Defendants. | Case No.:  MCV089657<br><br>**NOTICE OF CONTINUED CASE MANAGEMENT CONFERENCE**<br><br>Date:      July 25, 2024<br>Time:     8:30 a.m.<br>Dept.:     45 |

/ / /

1

**NOTICE OF CONTINUED CASE MANAGEMENT CONFERENCE**

**TO ALL PARTIES AND COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that the Court held a Case Management Conference on May 30, 2024 in Department 45 of the above-captioned courthouse.  The Court then continued the Case Management Conference to July 25, 2024 at 8:30 a.m.

Dated: May 30, 2024                          **MANASSERIAN LAW, APC**


                                             /s/ *Armen Manasserian*
                                             Armen Manasserian
                                             Attorneys for Plaintiffs,
                                             Meridian Growers Processing, Inc. and
                                             Partners Personnel – Management Services, LLC

2

**NOTICE OF CONTINUED CASE MANAGEMENT CONFERENCE**