# EXHIBIT C

CM-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):* <br> Armen Manasserian (SBN 288199) Manasserian Law, APC <br> 595 E. Colorado Blvd., Suite 810, Pasadena, CA 91101 <br><br> TELEPHONE NO.: (626) 469-0500  FAX NO. *(Optional):* <br> E-MAIL ADDRESS: armen@ml-apc.com <br> ATTORNEY FOR *(Name):* Plaintiffs, Meridian Growers Processing, Inc and Partners Personnel | **FOR COURT USE ONLY** <br><br> **ELECTRONICALLY FILED** <br> Superior Court of California, <br> County of Madera <br> **06/12/2023 at 03:04:48 PM** <br> By: Jana Davies, Deputy Clerk |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF MADERA**
STREET ADDRESS: 200 South G Street
MAILING ADDRESS: 200 South G Strreet
CITY AND ZIP CODE: Madera, CA 93637
BRANCH NAME: Madera Superior Court

CASE NAME:
Meridian Growers Processing, Inc., et al. v. John Doe One, et al.

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: MCV089657 |
|---|---|---|
| [x] **Unlimited** (Amount demanded exceeds $25,000) [ ] **Limited** (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder <br> Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: <br> DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[x] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify):* Four (4)
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: June 12, 2023

Armen Manasserian
(TYPE OR PRINT NAME)

▶ /s/ Armen Manasserian
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**MANASSERIAN LAW, APC**
Armen Manasserian (SBN 288199)
595 E. Colorado Blvd., Suite 810
Pasadena, California 91101
Tel.: (626) 469-0500
Fax: (626) 469-0510
Email:  armen@ml-apc.com

Counsel for Plaintiffs,
Meridian Growers Processing, Inc. and
Partners Personnel – Management Services, LLC

**ELECTRONICALLY FILED**
Superior Court of California,
County of Madera
**06/12/2023 at 03:04:48 PM**
By: Jana Davies, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF MADERA

| | |
|---|---|
| MERIDIAN GROWERS PROCESSING, INC., a California Corporation; PARTNERS PERSONNEL – MANAGEMENT SERVICES, LLC, a Delaware Limited Liability Company, | Case No.: __MCV089657__ |
| Plaintiffs, | **COMPLAINT** |
| v. | |
| JOHN DOE ONE, an individual; DOES 2 - 50, inclusive, | |
| Defendants. | |

/ / /

1

**COMPLAINT**

**PARTIES**

1.     Plaintiff Meridian Growers Processing, Inc. ("Meridian") is a California corporation with a principal place of business in Madera County, California.

2.     Plaintiff Partners Personnel – Management Services, LLC ("Partners Personnel") is a Delaware limited liability company with a principal place of business in Santa Barbara County, California.

3.     Plaintiffs Meridian and Partners Personnel (together, "Plaintiffs") are unaware of the true name of the defendant named herein as John Doe One, but allege on information and belief that John Doe One is in some manner responsible for the events alleged herein.  Plaintiffs therefore sue this defendant by such fictitious name and will amend this Complaint to state his or her true name where Plaintiffs ascertain the same.

4.     Plaintiffs allege on information and belief that Defendant John Doe One is an individual who intentionally advanced malicious, harmful and abusive schemes against Plaintiffs, and defrauded Plaintiffs in Madera County, California.

5.     Plaintiffs are unaware of the true names and capacities of the defendants named herein as Does 2 through 50, inclusive, but allege on information and belief that they are in some manner responsible for the events alleged herein.  Plaintiffs therefore sue these defendants by such fictitious names and will amend this Complaint to state their true names and capacities when Plaintiffs ascertain the same.

6.     Each defendant is in some way responsible for the damages sustained by Plaintiffs. When the Complaint references any act of any defendant or defendants, such reference shall mean the act of those defendants named in the particular cause of action and each of them acting individually, jointly and severally.

**JURISDICTION AND VENUE**

7.     Venue is proper in this Court because the events giving rise to this action occurred in Madera County, California.

8.     Venue is also proper in this Court because, on information and belief, the defendants reside and/or conduct business in Madera County, California.

2

**COMPLAINT**

9.      This action arises from and is related to the defendants' forum contacts and activities, such that the exercise of jurisdiction and venue in this forum is fair and reasonable.

**GENERAL ALLEGATIONS**

10.     Plaintiff Meridian provides processing services for growers of pistachios in California.

11.     Plaintiff Partners Personnel provides staffing services nationwide.

12.     At all times relevant herein, Partners Personnel provided staffing services to Meridian.

13.     On information and belief, in 2022, Defendant John Doe One hacked, phished, and/or intercepted emails between Meridian and Partners Personnel.

14.     On information and belief, in 2022, Defendant John Doe One sent emails to Meridian in the first person as a purported employee and/or agent of Partners Personnel.

15.     While posing as an employee and/or agent of Partners Personnel, Defendant John Doe One instructed Meridian to redirect outstanding payments, owed by Meridian to Partners Personnel, to a purported "new account" of Partners Personnel.

16.     In reality, the purported "new account" of Partners Personnel was a bank account of Defendant John Doe One, used to defraud Plaintiffs (the "Fraudulent Account").

17.     From September 2022 to October 2022, Defendant John Doe One defrauded Plaintiffs by inducing Meridian to issue three payment orders, totaling over $380,000.00, to the Fraudulent Account.

18.     Specifically, on September 14, 2022, Partners Personnel emailed Meridian with a summary of outstanding invoices.  The summary reflected the following balances:

| Client Name | Invoice Date | Invoice Number | Total Amount Due |
|---|---|---|---|
| Meridian | 7/31/2022 | 500049501 | ($10.10) |
| Meridian | 8/28/2022 | 500057511 | $3,160.06 |
| Meridian | 8/28/2022 | 500057512 | $1,814.05 |
| Meridian | 8/28/2022 | 500057513 | $6,969.35 |
| Meridian | 8/28/2022 | 500057514 | $2,077.16 |
| Meridian | 8/28/2022 | 500057515 | $41,673.22 |
| Meridian | 8/28/2022 | 500057516 | $21,788.22 |

3

**COMPLAINT**

| Meridian | 8/28/2022 | 500057517 | $1,138.68 |
| Meridian | 8/28/2022 | 500058153 | $848.00 |
| Meridian | 9/4/2022 | 500058581 | $124,030.27 |
| Meridian | 9/4/2022 | 500062894 | $985.92 |
| | | | **$204,474.83** |

19.    On September 21, 2022, Meridian employee Kathy Flores emailed Partners Personnel and requested a new summary of outstanding invoices.

20.    On September 21, 2022, Partners Personnel employee Ashleigh Haddad responded to Ms. Flores' email and provided a new summary, reflecting the following outstanding balances:

| **Client Name** | **Invoice Date** | **Invoice Number** | **Total Amount Due** |
| --- | --- | --- | --- |
| Meridian | 7/31/2022 | 500049501 | ($10.10) |
| Meridian | 8/28/2022 | 500057515 | $359.61 |
| Meridian | 9/4/2022 | 500058581 | $124,030.27 |
| Meridian | 9/4/2022 | 500062894 | $985.92 |
| Meridian | 9/11/2022 | 500065793 | $142,756.91 |
| Meridian | 9/18/2022 | 500066988 | $131,928.56 |
| Meridian | 9/18/2022 | 500068150 | $338.24 |
| | | | **$400,389.41** |

21.    On September 21, 2022, Ms. Flores responded to Ms. Haddad's email, thanking Ms. Haddad for the updated summary.

22.    On September 28, 2022, Ms. Flores received a response, in the same email chain, from "Ashleigh Haddad" -- with what appeared to be Ms. Haddad's email address ("September 28, 2022 Email").

23.    The September 28, 2022 Email was also addressed to the same Meridian recipients, and seemingly the same Partners Personnel recipients, as Ms. Haddad's prior email from September 21, 2022.

24.    Plaintiffs subsequently discovered that the September 28, 2022 Email was sent by Defendant John Doe One, posing as Ashleigh Haddad, with a virtually identical email address as Ashleigh Haddad.

25.    Plaintiffs also subsequently discovered that the other "Partners Personnel" recipients in the September 28, 2022 Email were also fake accounts created by Defendant John

4

**COMPLAINT**

Doe One, which were also virtually identical to the email addresses they mimicked.

26.     In the September 28, 2022 Email, Defendant John Doe One, posing as Ashleigh Haddad, requested an update on the status of payments, then stated that Partners Personnel had a new bank account, to which it preferred to receive future payments, and offered to provide the new ACH information.

27.     Ms. Flores responded to the September 28, 2022 Email by stating that Meridian had already paid Partners Personnel for the invoices dated September 4, 2022.  Ms. Flores requested confirmation of receipt of those payments.

28.     In response, Defendant John Doe One, still posing as Ashleigh Haddad, disingenuously confirmed receipt of Meridian's payments on the September 4, 2022 invoices into Partners Personnel's "old account."  Defendant John Doe One then provided the ACH information of the Fraudulent Bank Account, and asked Ms. Flores to "update accordingly and ensure payments going forward" are sent to the Fraudulent Bank Account.

29.     On September 30, 2022, Meridian submitted a payment order to its bank to wire a total of **$142,756.91** to the Fraudulent Bank Account ("Payment Order One").

30.     Payment Order One listed the recipient as "Partners Personnel Management," with an email address of "espererepay@espererholdings.com."

31.     Payment Order One notated that the wire was for "Invoice # 500065793."

32.     At the time of Payment Order One, Meridian believed it was issuing Payment Order One to a bank account of Partners Personnel.

33.     At the time of Payment Order One, Meridian did not know that the Fraudulent Bank Account belonged to Defendant John Doe One.

34.     On October 11, 2022, Meridian submitted a payment order to its bank to wire a total of **$132,266.80** to the Fraudulent Bank Account ("Payment Order Two").

35.     Payment Order Two twice-listed the recipient as "Partners Personnel Management," and twice-listed the email address of the recipient as "espererepay@espererholdings.com."

36.     Payment Order Two notated that the wire was for two invoices:  (1) "Invoice #

5

**COMPLAINT**

500066988" – in the amount of $131,928.56; and (2) "Invoice # 500068150" – in the amount of $338.24.

37.    At the time of Payment Order Two, Meridian believed it was issuing Payment Order Two to a bank account of Partners Personnel.

38.    At the time of Payment Order Two, Meridian did not know that the Fraudulent Bank Account belonged to Defendant John Doe One.

39.    On October 17, 2022, Meridian submitted a payment order to its bank to wire a total of **$107,330.04** to the Fraudulent Bank Account ("Payment Order Three").

40.    Payment Order Three listed the recipient four times as "Partners Personnel Management," and listed the email address of the recipient four times as "espererepay@espererholdings.com."

41.    Payment Order Three notated that the wire was for four invoices:  (1) "Invoice # 500069598" – in the amount of $84,155.62; (2) "Invoice # 500057515-1" – in the amount of $309.45; (3) "Invoice # 500057516-1" – in the amount of $50.16; and (4) "Invoice # 500071050" – in the amount of $154.08.

42.    At the time of Payment Order Three, Meridian believed it was issuing Payment Order Three to a bank account of Partners Personnel.

43.    At the time of Payment Order Three, Meridian did not know that the Fraudulent Bank Account belonged to Defendant John Doe One.

44.    Through the three payment orders, Meridian's bank wired a total of **$382,353.75** (the "Subject Funds") to the Fraudulent Bank Account.

45.    Thereafter, Plaintiffs Meridian and Partners Personnel discovered that they had been the victims of an online hack.

/ / /

6

**COMPLAINT**

**FIRST CAUSE OF ACTION**

**CONVERSION**

**By Plaintiff Meridian**

**Against Defendants John Doe One and Does 2-50**

46.     Plaintiffs hereby incorporate all previous paragraphs of this Complaint as though fully set forth herein.

47.     Plaintiff Meridian owned, possessed and/or had a right to possess the Subject Funds.

48.     Defendant John Doe One substantially interfered with the Subject Funds by knowingly and intentionally taking possession of the Subject Funds, including through hacking, phishing, intercepting emails between Meridian and Partners Personnel, and related deceit.

49.     Plaintiff Meridian did not consent to Defendant John Doe One's taking possession of the Subject Funds.

50.     Plaintiff Meridian was harmed by Defendant John Doe One's conduct.

51.     Defendant John Doe One's conduct was a substantial factor in causing harm to Plaintiff Meridian.

52.     As a direct and proximate cause of Defendant John Doe One's conduct, Plaintiff Meridian has suffered damages in an amount no less than $382,353.75.

53.     Defendant John Doe One committed all of the above-referenced acts willfully, wantonly, maliciously, and with the intent to defraud and injure Plaintiff Meridian, thereby entitling Plaintiff Meridian to exemplary and punitive damages, attorney's fees, and any and all other relief authorized by law.

**SECOND CAUSE OF ACTION**

**CONVERSION**

**By Plaintiff Partners Personnel**

**Against Defendants John Doe One and Does 2-50**

54.     Plaintiffs hereby incorporate all previous paragraphs of this Complaint as though fully set forth herein.

7

**COMPLAINT**

55. Plaintiff Partners Personnel had a right to possess the Subject Funds.

56. Defendant John Doe One substantially interfered with the Subject Funds by knowingly and intentionally taking possession of the Subject Funds, including through hacking, phishing, intercepting emails between Meridian and Partners Personnel, and related deceit.

57. Plaintiff Partners Personnel did not consent to Defendant John Doe One's taking possession of the Subject Funds.

58. Plaintiff Partners Personnel was harmed by Defendant John Doe One's conduct.

59. Defendant John Doe One's conduct was a substantial factor in causing harm to Plaintiff Partners Personnel.

60. As a direct and proximate cause of Defendant John Doe One's conduct, Plaintiff Partners Personnel has suffered damages in an amount no less than $382,353.75.

61. Defendant John Doe One committed all of the above-referenced acts willfully, wantonly, maliciously, and with the intent to defraud and injure Plaintiff Partners Personnel, thereby entitling Plaintiff Partners Personnel to exemplary and punitive damages, attorney's fees, and any and all other relief authorized by law.

### THIRD CAUSE OF ACTION

**FRAUD**

**By Plaintiff Meridian**

**Against Defendants John Doe One and Does 2-50**

62. Plaintiffs hereby incorporate all previous paragraphs of this Complaint as though fully set forth herein.

63. Defendant John Doe One represented himself/herself to Meridian as an employee or agent of Partners Personnel.

64. Defendant John Doe One, while posing as Partners Personnel, represented to Meridian that Partners Personnel had a new bank account, *i.e.*, the Fraudulent Bank Account.

65. Defendant John Doe One, while posing as Partners Personnel, represented to Meridian that Partners Personnel wished to receive all future payments from Meridian into the Fraudulent Bank Account.

8

**COMPLAINT**

66.    Defendant John Doe One, while posing as Partners Personnel, further represented to Meridian that the ACH information it was providing to Meridian, *i.e.*, for the Fraudulent Bank Account, was for an actual bank account of Partners Personnel.

67.    The above-referenced representations of Defendant John Doe One were false.

68.    Defendant John Doe One knew that the above-referenced representations were false when Defendant John Doe One made them.

69.    Defendant John Doe One intended that Meridian rely on each of the above-referenced misrepresentations.

70.    Meridian reasonably relied on each of Defendant John Doe One's above-referenced misrepresentations.

71.    Meridian's reliance on each of Defendant John Doe One's above-referenced misrepresentations was a substantial factor in causing Meridian's harm.

72.    As a direct and proximate cause of Defendant John Doe One's conduct, Plaintiff Meridian has suffered damages in an amount no less than $382,353.75.

73.    Defendant John Doe One committed all of the above-referenced acts willfully, wantonly, maliciously, and with the intent to defraud and injure Plaintiff Meridian, thereby entitling Plaintiff Meridian to exemplary and punitive damages, attorney's fees, and any and all other relief authorized by law.

## FOURTH CAUSE OF ACTION

### DECLARATORY RELIEF

**By Plaintiffs Meridian and Partners Personnel**

**Against John Doe One and Does 2-50**

74.    Plaintiffs hereby incorporate all previous paragraphs of this Complaint as though fully set forth herein.

75.    An actual controversy exists between Plaintiffs and Defendant John Doe One relating to the legal rights and duties of the respective parties concerning John Doe One's hacking, phishing, intercepting of emails, and related deceit.

76.    Accordingly, Plaintiffs respectfully request the Court adjudicate the legal rights

9

**COMPLAINT**

and duties of the respective parties concerning the allegations set forth above.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs pray for judgment against Defendants, and each of them, jointly and severally, and that the Court award Plaintiffs as follows:

### ON THE FIRST CAUSE OF ACTION

1.    For compensatory damages against Defendants, and each of them, jointly and severally, in an amount no less than $382,353.75.

2.    For punitive damages against Defendants, and each of them, jointly and severally, in an amount not to exceed the limits of constitutional due process.

3.    For costs of suit.

4.    For such other relief as the Court may deem just and proper.

### ON THE SECOND CAUSE OF ACTION

1.    For compensatory damages against Defendants, and each of them, jointly and severally, in an amount no less than $382,353.75.

2.    For punitive damages against Defendants, and each of them, jointly and severally, in an amount not to exceed the limits of constitutional due process.

3.    For costs of suit.

4.    For such other relief as the Court may deem just and proper.

### ON THE THIRD CAUSE OF ACTION

1.    For compensatory damages against Defendants, and each of them, jointly and severally, in an amount no less than $382,353.75.

2.    For punitive damages against Defendants, and each of them, jointly and severally, in an amount not to exceed the limits of constitutional due process.

3.    For costs of suit.

4.    For such other relief as the Court may deem just and proper.

### ON THE FOURTH CAUSE OF ACTION

1.    For declaratory relief concerning the legal rights and duties of the respective parties hereto.

10

**COMPLAINT**

2.      For such other relief as the Court may deem just and proper.

### ON ALL CAUSES OF ACTION

1.      For a jury trial.

2.      For costs of suit.

3.      For interest.

4.      For such other relief as the Court may deem just and proper.


Dated: June 12, 2023                          **MANASSERIAN LAW, APC**


By: _/s/ *Armen Manasserian*_____
Armen Manasserian, Esq.
Counsel for Plaintiffs,
Meridian Growers Processing, Inc. and
Partners Personnel – Management Services, LLC

**COMPLAINT**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
JOHN DOE ONE, an individual; DOES 2 - 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MERIDIAN GROWERS PROCESSING, INC., a California Corporation; PARTNERS PERSONNEL – MANAGEMENT SERVICES, LLC, a Delaware Limited Liability Company

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of Madera
06/12/2023 at 03:04:48 PM
By: Jana Davies, Deputy Clerk

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Madera Superior Court - 200 South G Street, Madera, CA 93637

CASE NUMBER: *(Número del Caso):*
MCV089657

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Armen Manasserian - Manasserian Law, APC - 595 E. Colorado Blvd., Ste. 810, Pasadena, CA 91101 (626) 469-0500  armen@ml-apc.com

DATE:
*(Fecha)*  Monday, June 12, 2023

Clerk, by Adrienne Calip / Clerk of Court, Deputy
*(Secretario)*  Jana Davies *(Adjunto)*

The electronic signature and seal on this document have the same validity and legal force and effect as an original signature and court seal. California Government Code §68150(g).

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☐ on behalf of *(specify)*:

   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)      ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

**Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

**FILED**

Superior Court of California,
County of Madera

**06/13/2023**

Adrienne Calip / Clerk of Court
By: Kristina Wyatt, Deputy Clerk

**IN THE SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF MADERA**
200 South "G" Street
Madera, CA 93637

| | | |
|---|---|---|
| **Meridian Growers Processing, Inc. et al** )<br>    Plaintiff/Petitioner, )<br> )<br> )<br>VS. )<br> )<br> )<br>**John Doe One** )<br>    Defendant/Respondent. )<br> ) | | Case No.  **MCV089657**<br><br>**NOTICE OF CASE MANAGEMENT CONFERENCE** |

To: All Parties

1.    NOTICE IS GIVEN that a Case Management Conference has been scheduled on:
       Date: **October 10, 2023**        Time: **8:30 am**      In: **Department 45**

2.    No later than 15 days before the date set for the Case Management Conference, each party must file a Case Management Statement, Mandatory Form CM-110 (New 7-1-11) and serve it on all other parties in the case.

3.    You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

4.    At the Case Management Conference the Court may make pretrial orders, including the following:

       a.      An Order establishing a discovery schedule.
       b.      An Order referring the case to Arbitration.
       c.      An Order dismissing fictitious defendants.
       d.      An Order scheduling exchange of expert witness information.
       e.      An order setting subsequent conferences and the trial date.
       f.      Other Orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code 68600, et seq)

5.    Case is assigned to Department 45 for all purposes.

If you wish to appear remotely, please submit a request through our online Zoom Appearance Request Form by visiting https://forms.gle/BkxS6e9d2QcoK2FX6 or scanning the QR code below.



- SANCTIONS -

If you do not file the Case Management Questionnaire required by local rule or attend the Case Management Conference or participate effectively in the conference, the court may impose sanctions (including dismissal of the case, striking the answer, and payment of money).

Date: June 13, 2023                                    Adrienne Calip, Court Executive Officer

By:   _____
       Deputy Clerk

**Declaration of Mailing**

I declare under penalty of perjury of the laws of the State of California that I am over the age of 18 years and not a party to this action. On the date shown below, I mailed the above document to the parties named below by depositing a true copy thereof in an envelope, first class postage prepaid and depositing the same in the Court mail basket for mailing in the United States Mail at Madera, California, or by placing in a mail receptacle at the Office of the Clerk.

ARMEN MANASSERIAN
595 E. COLORADO BLVD., SUITE 810 STE 304
PASADENA, CA 91101

Date: June 13, 2023                                    _____
                                                                Deputy Clerk

NOTICE OF CASE MANAGEMENT CONFERENCE

CIVIL TRIAL DELAY REDUCTION PROGRAM

1.  You are expected to know the local rules, especially those on trial delay reduction.  If you do not have an updated copy of the local rules, one may be obtained from the court's website at www.madera.courts.ca.gov at no cost; or may be purchased from the Civil Division.

2.  Plaintiff must serve a copy of this notice on each defendant.  Show proof of service of this document with the proof of service of the summons.  Or you may provide proof of mailing to each defendant served by separate proof of service.

3.  Each party must file and serve a Case Management Conference Questionnaire at least fifteen (15) days before the hearing.  Attach additional pages discussing the questions in Paragraph 4 below to the extent they are not covered in the Questionnaire.  (The Questionnaire is a former Judicial Council form, CM-110.)  A new questionnaire must be filed before each conference.

4.  You must also discuss the following issues in your report to the court:

(1) Service of process on parties not yet joined; (2) Jurisdiction and venue; (3) Proposed joinder of other parties; (4) Proposed discovery and unresolved discovery controversies, and the names of witnesses for each party; (5) The substance of the parties' claims and defenses and a short statement setting out genuinely controverted issues of law or fact.  Statements must be of 50 words or less; (6) The need for adoption of special procedures for managing potentially difficult or protracted actions that may involve complex issues, multiple parties, difficult legal questions, or unusual proof problems; (7) The advisability of referring matters to a referee or to arbitration or mediation; (8) The advisability of adopting special procedures, including bifurcation or severance of issues for trial; (9) Any other matters which may be conducive to the just, efficient, and economical determination of the case.

5.  **Continuances** of case management conferences are limited to ONE continuance of no more than 15 days by written stipulation filed with the court.  Send a copy of your stipulation to the Calendar Division.  Government Code 68616(d) and Local Rule 902.3.  Any continuance after the first one is subject to a continuance fee of $20.00.

6.  **Uninsured motorist cases**:  Please advise the Calendar Clerk immediately if your case is an uninsured motorist case.  The case management conference will be continued an additional 60 days.  If you have not filed a petition for arbitration, or dismissed the case within 180 days of filing the complaint or discovery that the case is an uninsured motorist case, an Order to Show Cause will issue to show why the case should not be dismissed.

7.  **Telephone appearances**:  A party may appear by telephone at a Case Management Conference only through the use of "Court Call".  A party who chooses to appear telephonically by Court Call is solely responsible for the cost of the Court Call service.  Arrangements for appearance by Court Call must be made in advance by telephoning the Court Call service at 888-88-COURT (888-882-6878).

8.  IF YOU NOTIFY THE COURT THAT AN AT ISSUE MEMO HAS BEEN FILED, THE CONFERENCE WILL BE VACATED.  Cases may be deemed at issue at the conclusion of the hearing and trial and settlement conference dates scheduled at the hearing, regardless of your attendance.  You should be prepared to advise the court of your availability for any proposed settlement conference or trial date.

9.  Information regarding trials and settlement conferences can be located in Madera Superior Court Local Rules Division 2: Trial Court Rules and Chapter 8 Section 2.8.1 located on the Superior Court website: www.madera.courts.ca.gov

Calendar Division phone number: Court Services Division 559-416-5540

Note: For general questions that do not relate to calendar matters, such as filing fee information, please call the Civil Division at 559-416-5525.

Revised: 4/19

Please note that Local Rule 1.4.1 outlines the proceedings that mandate an official court reporter, including limited exceptions.  In cases of an emergency or the unexpected absence of an official court reporter, the court may utilize electronic recording pursuant to Government Code § 69957 & California Rules of Court § 2.956.

NOTICE OF CASE MANAGEMENT CONFERENCE

**MANASSERIAN LAW, APC**
Armen Manasserian (SBN 288199)
595 E. Colorado Blvd., Suite 810
Pasadena, California 91101
Tel.: (626) 469-0500
Fax: (626) 469-0510
Email:  armen@ml-apc.com

Counsel for Plaintiffs,
Meridian Growers Processing, Inc. and
Partners Personnel – Management Services, LLC

ELECTRONICALLY FILED
Superior Court of California,
County of Madera
07/10/2023 at 10:52:37 AM
By: Danyele Cerda, Deputy Clerk

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### COUNTY OF MADERA

| | |
|---|---|
| MERIDIAN GROWERS PROCESSING, INC., a California Corporation; PARTNERS PERSONNEL – MANAGEMENT SERVICES, LLC, a Delaware Limited Liability Company, <br><br> Plaintiffs, <br><br> v. <br><br> JOHN DOE ONE, an individual; DOES 2 - 50, inclusive, <br><br> Defendants. | Case No.:  MCV089657 <br><br> **DECLARATION OF ARMEN MANASSERIAN IN SUPPORT OF *EX PARTE* APPLICATION FOR LEAVE TO CONDUCT THIRD PARTY DISCOVERY** <br><br> [Filed concurrently with *Ex Parte* Application and Proposed Order] <br><br> Date:        July 12, 2023 <br> Time:       8:00 a.m. <br> Dept.:       45 |

**DECLARATION OF ARMEN MANASSERIAN**

Electronically Submitted on 07/10/23 10:52 AM

## <u>DECLARATION OF ARMEN MANASSERIAN</u>

I, Armen Manasserian, declare as follows:

1.      I am an attorney duly licensed to practice law in the State of California.  I am an attorney at Manasserian Law, APC, the counsel of record for Plaintiffs Meridian Growers Processing, Inc. ("Meridian") and Partners Personnel – Management Services, LLC ("Partners Personnel") (together, "Plaintiffs").

2.      I submit this Declaration in support of Plaintiffs' *Ex Parte* Application for Leave to Conduct Third Party Discovery ("Application").

3.      Except where stated on information and belief, I have firsthand knowledge of the matters contained in this declaration, or have gained knowledge from the records of my law firm. If called as a witness, I could and would competently testify hereto.

4.      Per Rule 3.1202(c) of the California Rules of Court, exigent circumstances exist to warrant *ex parte* relief.  This action arises from an online hack which damaged Plaintiffs for over $380,000.00.  Plaintiffs do not know the identity of the hacker and have therefore sued the hacker herein as Defendant John Doe One.  Since Plaintiffs do not know the identity of John Doe One, Plaintiffs have not been able to serve John Doe One with the Summons or Complaint.

5.      Plaintiffs' Application seeks permission to serve a deposition subpoena for document production on third party Chase Bank.  On information and belief, Defendant John Doe One maintained an account at Chase Bank and used that account to convert Plaintiffs' funds.

6.      Thus, Plaintiffs seek to subpoena Chase Bank as expeditiously as possible in order to discover the name and identity of John Doe One, among other issues, and thereby prosecute this action against known defendants.

7.      For the Court's reference, I attach hereto a true and correct copy of the proposed subpoena to Chase Bank as **Exhibit A**.

/ / /

2

**DECLARATION OF ARMEN MANASSERIAN**

8.      Per Rule 3.1204(b)(3) of the California Rules of Court, I have not been able to provide notice of Plaintiffs' Application to any defendant because I do not know the identity of any defendant at this time.  That is the purpose of the Application.


I declare under penalty of perjury, pursuant to the laws of the State of California, that the foregoing is true and correct.   Executed on this 10th day of July 2023, at Pasadena, California.


_/s/ Armen Manasserian_____
Armen Manasserian

3

**DECLARATION OF ARMEN MANASSERIAN**

# Exhibit A

SUBP-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Armen Manasserian (SBN 288199)<br>Manasserian Law, APC<br>595 E. Colorado Blvd., Suite 810, Pasadena, CA 91101<br><br>TELEPHONE NO.: (626) 469-0500          FAX NO.: (626) 469-0510<br>E-MAIL ADDRESS: armen@ml-apc.com<br>ATTORNEY FOR *(Name):* Plaintiffs Meridian Growers Processing, Inc., et al. | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF MADERA**
STREET ADDRESS: 200 South G Street
MAILING ADDRESS: 200 South G Street
CITY AND ZIP CODE: Madera, CA 93637
BRANCH NAME: Madera County Superior Court

PLAINTIFF/ PETITIONER: Meridian Growers Processing, Inc., et al.

DEFENDANT/ RESPONDENT: John Doe One, et al.

| **DEPOSITION SUBPOENA**<br>**FOR PRODUCTION OF BUSINESS RECORDS** | CASE NUMBER:<br>MCV089657 |
|---|---|

**THE PEOPLE OF THE STATE OF CALIFORNIA, TO** *(name, address, and telephone number of deponent, if known):*
JPMorgan Chase Bank, N.A. c/o C.T. Corporation System - 330 N. Brand Blvd., Glendale, CA 91203

1. **YOU ARE ORDERED TO PRODUCE THE BUSINESS RECORDS** described in item 3, as follows:

| To *(name of deposition officer)*: Armen Manasserian, Esq. |
|---|
| On *(date)*: August 18, 2023                              At *(time)*: 9:00 a.m. |
| Location *(address)*: Manassserian Law, APC - 595 E. Colorado Blvd., Suite 810, Pasadena, CA 91101 |
| **Do not release the requested records to the deposition officer prior to the date and time stated above.** |

a. [x] by delivering a true, legible, and durable **copy** of the business records described in item 3, enclosed in a sealed inner wrapper with the title and number of the action, name of witness, and date of subpoena clearly written on it. The inner wrapper shall then be enclosed in an outer envelope or wrapper, sealed, and mailed to the deposition officer at the address in item 1.

b. [ ] by delivering a true, legible, and durable **copy** of the business records described in item 3 to the deposition officer at the witness's address, on receipt of payment in cash or by check of the reasonable costs of preparing the copy, as determined under Evidence Code section 1563(b).

c. [ ] by making the **original** business records described in item 3 available for inspection at your business address by the attorney's representative and permitting **copying** at your business address under reasonable conditions during normal business hours.

2. *The records are to be produced by the date and time shown in item 1 (but not sooner than 20 days after the issuance of the deposition subpoena, or 15 days after service, whichever date is later). Reasonable costs of locating records, making them available or copying them, and postage, if any, are recoverable as set forth in Evidence Code section 1563(b). The records shall be accompanied by an affidavit of the custodian or other qualified witness pursuant to Evidence Code section 1561.*

3. The records to be produced are described as follows *(if electronically stored information is demanded, the form or forms in which each type of information is to be produced may be specified):*
   See Attachment 3
   [x] Continued on Attachment 3.

4. **IF YOU HAVE BEEN SERVED WITH THIS SUBPOENA AS A CUSTODIAN OF CONSUMER OR EMPLOYEE RECORDS UNDER CODE OF CIVIL PROCEDURE SECTION 1985.3 OR 1985.6 AND A MOTION TO QUASH OR AN OBJECTION HAS BEEN SERVED ON YOU, A COURT ORDER OR AGREEMENT OF THE PARTIES, WITNESSES, *AND* CONSUMER OR EMPLOYEE AFFECTED MUST BE OBTAINED BEFORE YOU ARE REQUIRED TO PRODUCE CONSUMER OR EMPLOYEE RECORDS.**

| **DISOBEDIENCE OF THIS SUBPOENA MAY BE PUNISHED AS CONTEMPT BY THIS COURT. YOU WILL ALSO BE LIABLE FOR THE SUM OF FIVE HUNDRED DOLLARS AND ALL DAMAGES RESULTING FROM YOUR FAILURE TO OBEY.** |
|---|

Date issued: July 10, 2023

Armen Manasserian
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PERSON ISSUING SUBPOENA)

Attorney for Plaintiffs
_____
(TITLE)

(Proof of service on reverse)                                                                 **Page 1 of 2**

Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUBP-010 [Rev. January 1, 2012]

**DEPOSITION SUBPOENA FOR PRODUCTION OF BUSINESS RECORDS**

Code of Civil Procedure, §§ 2020.410–2020.440;<br>Government Code, § 68097.1<br>www.courts.ca.gov

**Exhibit A - p. 1**

**SUBP-010**

| PLAINTIFF/PETITIONER:   Meridian Growers Processing, Inc., et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:   John Doe One, et al. | MCV089657 |

## PROOF OF SERVICE OF DEPOSITION SUBPOENA FOR
## PRODUCTION OF BUSINESS RECORDS

1.  I served this *Deposition Subpoena for Production of Business Records* by personally delivering a copy to the person served as follows:

   a.  Person served *(name)*:

   b.  Address where served:

   c.  Date of delivery:

   d.  Time of delivery:

   e.  (1) ☐  Witness fees were paid.
        Amount: . . . . . . . . . . . . . . $ _____

       (2) ☐  Copying fees were paid.
        Amount: . . . . . . . . . . . . . . $ _____

   f.  Fee for service: . . . . . . . . . . . . . . . $ _____

2.  I received this subpoena for service on *(date)*:

3.  Person serving:
   a.  ☐  Not a registered California process server.
   b.  ☐  California sheriff or marshal.
   c.  ☐  Registered California process server.
   d.  ☐  Employee or independent contractor of a registered California process server.
   e.  ☐  Exempt from registration under Business and Professions Code section 22350(b).
   f.  ☐  Registered professional photocopier.
   g.  ☐  Exempt from registration under Business and Professions Code section 22451.
   h.  Name, address, telephone number, and, if applicable, county of registration and number:

**I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶ _____
(SIGNATURE)

**(For California sheriff or marshal use only)**
**I certify** that the foregoing is true and correct.

Date:

▶ _____
(SIGNATURE)

**Exhibit A - p. 2**

*Meridian Growers Processing, Inc., et al.*
*v.*
*John Doe One, et al.*

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF MADERA**
**Case No. MCV089657**

---

**Attachment 3**

---

**TO:    JPMorgan Chase Bank, N.A.**

Please produce the following documents pursuant to the attached subpoena.

**DEFINITIONS AND INSTRUCTIONS**

A.  "YOU" or "YOUR" means JPMorgan Chase Bank, N.A., any and all of its subsidiaries, and where applicable, any PERSON acting on its behalf.

B.  "THE ACCOUNT" means the account at JPMorgan Chase Bank, N.A. with an account number ending in 211157.

C.  "DOCUMENT(S)" means and includes a writing, as defined by Section 250 of the California Evidence Code, as follows:

> 'Writing' means handwriting, typewriting, printing, photostating, photographing, photocopying, transmitting by electronic mail or facsimile, and every other means of recording upon any tangible thing, any form of communication or representation, including letters, words, pictures, sounds, or symbols, or combinations thereof, and any record thereby created, regardless of the manner in which the record has been stored.

"DOCUMENT(S)" further means and includes any kind of written, typewritten, printed or recorded material, whether produced, reproduced or stored on paper, cards, tape, film, palm pilot, iPad, cell phone, facsimile, email, text message, computer storage device or memory, or other media or data compilation for which information may be obtained, and includes accounts, address books, addenda, agreements, albums, articles, bank statements, blueprints, books, calendars, charts, checks (both front and reverse sides), contracts, correspondence, declarations of trusts, deeds, deposit receipts, diagrams, diaries, disks, drafts, films, forms, instruments of conveyance or for other purposes, invoices, journals, ledgers, letters, lists, logs, mailgrams, maps, memoirs, memoranda, minutes, motion

1

**Exhibit A - p. 3**

pictures, notations, notebooks, notes, notices, photographs, plans, pleadings, powers of attorney, promissory notes, proofs of delivery, purchase orders, recordings, records, registers, schedules, sound recordings, summaries, telexes, working papers, writings, and all other materials, whether in draft form or not and whether a copy or an original.

D. "COMMUNICATION(S)" means and includes any transmittal of information, whether face-to-face conversation, telephone conversation, facsimile, email transmission, audio/visual recording, text message, social media posting or message, contract, correspondence, memoranda, notes or logs, diaries, daily calendars or journals, any and all magnetic media, telex, telegram, letter, notes, or any other "Writing" as defined by section 250 of the California Evidence Code.

E. Where DOCUMENTS and/or COMMUNICATIONS are requested, each such request includes DOCUMENTS and/or COMMUNICATIONS in YOUR possession, custody or control and any other PERSON who may have custody, possession or control of responsive DOCUMENTS and/or COMMUNICATIONS.

F. "RELATING TO" or "RELATE(S) TO" means constituting, including, containing, concerning, embodying, reflecting, identifying, stating, mentioning, discussing, describing, evidencing, or in any other way being relevant to the given subject matter.

G. "PERSON(S)" means and includes any natural person, organization, company, firm, partnership, joint venture, cooperative or unincorporated association, public or private corporation, trust, public entity, or other form of entity, and any affiliate, officer, director, employee, member, principal, shareholder, agent, representative or attorney of any of the foregoing.

H. Unless stated otherwise, "RELEVANT TIME PERIOD" means January 1, 2017 through the present.

I. The singular form of a word shall also be interpreted as its plural.

J. The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring with the scope of this subpoena any information that might otherwise be construed to be outside its scope.

K. Where a claim of privilege is asserted in objecting to any document request or part thereof, and information is not provided on the basis of such assertion:

    a. The responding party shall identify with specificity the nature of the claimed privilege; and

    b. The responding party shall provide the following information, if known or reasonably available, unless divulging such information would cause disclosure of allegedly privileged information:

2

**Exhibit A - p. 4**

      i.     The type of the document;

      ii.     The general subject matter of the document;

      iii.     The date of the document;

      iv.     The name and last known business address of each person who made, prepared or signed the document;

      v.     The name and last known business address of each person to whom the document was addressed and each person to whom a copy was sent;

      vi.     The name and last known business address of any person who at any time had custody, possession or control of the original copy of the document, and name of, address, and his or her position with the business entity by which he or she was then employed;

      vii.     The present location of the document; and

      viii.     Such other information as is sufficient to identify the document, including, where appropriate, the author, addressee, custodian, and any other recipient of the document, and where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other.

## DOCUMENTS TO BE PRODUCED

1.    All DOCUMENTS reflecting the full legal name(s) of any and all owners of THE ACCOUNT.

2.    All DOCUMENTS reflecting the full legal name(s) of any and all signatories on THE ACCOUNT.

3.    All DOCUMENTS RELATING TO any and all applications which led to the opening of the ACCOUNT.

4.    All COMMUNICATIONS between YOU and any PERSON RELATING TO THE ACCOUNT.

5.    All DOCUMENTS RELATING TO any and all of YOUR "Know Your Customer" records RELATING TO THE ACCOUNT.

6.    All COMMUNICATIONS RELATING TO any and all of YOUR "Know Your Customer" records RELATING TO THE ACCOUNT.

7.    All DOCUMENTS RELATING TO any and all of YOUR "Know Your Customer" records RELATING TO any and all owners and/or signatories of THE ACCOUNT.

3

**Exhibit A - p. 5**

8.     All COMMUNICATIONS RELATING TO any and all of YOUR "Know Your Customer" records RELATING TO any and all owners and/or signatories of THE ACCOUNT.

9.     All DOCUMENTS RELATING TO any and all of YOUR "Suspicious Activity Reports" RELATING TO THE ACCOUNT.

10.    All COMMUNICATIONS RELATING TO any and all of YOUR "Suspicious Activity Reports" RELATING TO THE ACCOUNT.

11.    All DOCUMENTS RELATING TO any and all of YOUR "Suspicious Activity Reports" RELATING TO any and all owners and/or signatories of THE ACCOUNT.

12.    All COMMUNICATIONS RELATING TO any and all of YOUR "Suspicious Activity Reports" RELATING TO any and all owners and/or signatories of THE ACCOUNT.

13.    All monthly statements of THE ACCOUNT.

14.    All DOCUMENTS RELATING TO any and all transfers of funds into THE ACCOUNT.

15.    All COMMUNICATIONS RELATING TO any and all transfers of funds into THE ACCOUNT.

16.    All DOCUMENTS RELATING TO any and all transfers of funds out of THE ACCOUNT.

17.    All COMMUNICATIONS RELATING TO any and all transfers of funds out of THE ACCOUNT.

18.    All DOCUMENTS RELATING TO Meridian Growers Processing, Inc.

19.    All COMMUNICATIONS between YOU and any PERSON RELATING TO Meridian Growers Processing, Inc.

20.    All DOCUMENTS RELATING TO Partners Personnel – Management Services, LLC.

21.    All COMMUNICATIONS between YOU and any PERSON RELATING TO Partners Personnel – Management Services, LLC.

4

**Exhibit A - p. 6**

Electronically Submitted on 07/10/23 10:52 AM

**MANASSERIAN LAW, APC**
Armen Manasserian (SBN 288199)
595 E. Colorado Blvd., Suite 810
Pasadena, California 91101
Tel.: (626) 469-0500
Fax: (626) 469-0510
Email:  armen@ml-apc.com

Counsel for Plaintiffs,
Meridian Growers Processing, Inc. and
Partners Personnel – Management Services, LLC

ELECTRONICALLY FILED
Superior Court of California,
County of Madera
07/10/2023 at 10:52:37 AM
By: Danyele Cerda, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF MADERA

| | |
|---|---|
| MERIDIAN GROWERS PROCESSING, INC., a California Corporation; PARTNERS PERSONNEL – MANAGEMENT SERVICES, LLC, a Delaware Limited Liability Company,<br><br>    Plaintiffs,<br><br>  v.<br><br>JOHN DOE ONE, an individual; DOES 2 - 50, inclusive,<br><br>    Defendants. | Case No.:  MCV089657<br><br>***EX PARTE* APPLICATION FOR LEAVE TO CONDUCT THIRD PARTY DISCOVERY;**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Filed concurrently with Declaration of Armen Manasserian and Proposed Order]<br><br>Date:       July 12, 2023<br>Time:       8:00 a.m.<br>Dept.:       45 |

1

*EX PARTE* **APPLICATION FOR LEAVE TO CONDUCT THIRD PARTY DISCOVERY**

## *EX PARTE* APPLICATION

**TO THE HONORABLE COURT:**

Plaintiffs Meridian Growers Processing, Inc. ("Meridian") and Partners Personnel – Management Services, LLC ("Partners Personnel") (together, "Plaintiffs") hereby apply *ex parte* for leave to serve a deposition subpoena for document production on third party Chase Bank.

Plaintiffs seek leave for the following reasons:

(1)    Code of Civil Procedure Section 2025.210(b) requires leave of court to serve a deposition notice on any defendant or third party before service of the summons.  Case law thereunder applies the same requirement to deposition subpoenas to third parties.

(2)    This action is against only Doe Defendants.  Since Plaintiffs lack knowledge of the identities of the Defendants, Plaintiffs cannot serve the Summons or Complaint at this time.

(3)    The primary defendant in this action, John Doe One, is an individual or entity that hacked Plaintiffs and fraudulently converted over $380,000.00 of Plaintiffs' funds.  Plaintiffs are informed and believed that the fraudulently converted funds were deposited into a bank account of John Doe One at Chase Bank.

(4)    Thus, Plaintiffs seek leave to subpoena Chase Bank to produce documents regarding the identity of John Doe One and related issues.  Plaintiffs should then be able to name Defendant John Doe One and serve that defendant with the Summons and Complaint.

Per Rule 3.1204(b)(3) of the California Rules of Court, Plaintiffs' counsel has not been able to provide notice of this application to any defendant because Plaintiffs do not know the identity of any defendant at this time.  That is the purpose of this application.

Dated: July 10, 2023                              **MANASSERIAN LAW, APC**

By: /s/ *Armen Manasserian*
Armen Manasserian, Esq.
Counsel for Plaintiffs,
Meridian Growers Processing, Inc. and
Partners Personnel – Management Services, LLC

*EX PARTE* APPLICATION FOR LEAVE TO CONDUCT THIRD PARTY DISCOVERY

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

This action arises from an online hack which damaged Plaintiffs for over $380,000.00. Plaintiffs do not know the identity of the hacker and have therefore sued the hacker herein as Defendant John Doe One.  Since Plaintiffs do not know the identity of Defendant John Doe One, Plaintiffs have not been able to serve John Doe One with the Summons or Complaint.

Accordingly, Plaintiffs hereby apply *ex parte* for leave to conduct third party discovery to ascertain the identity of John Doe One and related issues.  Specifically, Plaintiffs seek to serve a subpoena for document production on third party Chase Bank.  Plaintiffs are informed and believe that John Doe One maintained an account at Chase Bank and used that account to fraudulently convert Plaintiffs' funds.

Thus, Plaintiffs request an order permitting Plaintiffs to serve Chase Bank with a deposition subpoena to produce documents concerning the identity of Defendant John Doe One and related issues.

### II.    STATEMENT OF FACTS

As set forth in the Complaint, Plaintiff Meridian Growers Processing, Inc. ("Meridian") provides processing services for growers of pistachios in California.  Plaintiff Partners Personnel – Management Services, LLC ("Partners Personnel") provides staffing services nationwide.  At all times relevant herein, Partners Personnel provided staffing services to Meridian.

On information and belief, in 2022, Defendant John Doe One hacked, phished, and/or intercepted emails between Meridian and Partners Personnel.  On information and belief, Defendant John Doe One sent emails to Meridian in the first person as a purported employee and/or agent of Partners Personnel.

While posing as an employee and/or agent of Partners Personnel, Defendant John Doe One instructed Meridian to redirect outstanding payments, owed by Meridian to Partners Personnel, to a purported "new account" of Partners Personnel.  In reality, the purported "new account" of Partners Personnel was a bank account of Defendant John Doe One, used to defraud Plaintiffs (the "Fraudulent Account").

3

*EX PARTE* APPLICATION FOR LEAVE TO CONDUCT THIRD PARTY DISCOVERY

From September 2022 to October 2022, Defendant John Doe One defrauded Plaintiffs by inducing Meridian to issue three payment orders, totaling over $380,000.00, to the Fraudulent Account.

Plaintiffs have not been able to ascertain the identity of Defendant John Doe One. However, Plaintiffs are informed that the Fraudulent Account of John Doe One is an account at Chase Bank.  Thus, Plaintiffs hereby seek leave to subpoena Chase Bank for documents reflecting the identity of John Doe One and related issues.  Plaintiffs further seek leave to serve the subpoena without first serving a Notice to Consumer on John Doe One.  For the Court's convenience, Plaintiffs have submitted a copy of the proposed subpoena concurrently herewith. (Declaration of Armen Manasserian ["AM Decl."], Exh. A.)

**III.    LEGAL ARGUMENT**

**A.    Procedural Legal Standard**

A request for *ex parte* relief must include (1) an application, (2) a declaration making the requisite factual showing, (3) a declaration regarding notice, (4) a memorandum, and (5) a proposed order.  Cal. Rules of Court, Rule 3.1201.  As to the requisite factual showing, an *ex parte* applicant "must make an affirmative factual showing in a declaration containing competent testimony based on personal knowledge of irreparable harm, immediate danger, or any other statutory basis for granting relief ex parte."  Cal. Rules of Court, Rule 3.1202(c).

An *ex parte* application must be accompanied by a declaration regarding notice stating that, for reasons specified, the applicant should not be required to inform the opposing party. Cal. Rules of Court, Rule 3.1204(b)(3).

Plaintiffs have complied with the legal standard for *ex parte* relief.  Plaintiffs have filed (1) the application, (2) a declaration making the requisite factual showing, *infra*, (3) a declaration regarding notice, (4) this memorandum, and (5) a proposed order.

**B.    Substantive Legal Standard**

Code of Civil Procedure Section 2025.210(b) states:  "The plaintiff may serve a deposition notice without leave of court on any date that is 20 days after the service of the summons on, or appearance by, any defendant.  On motion with or without notice, the court, for good cause

4

*EX PARTE* **APPLICATION FOR LEAVE TO CONDUCT THIRD PARTY DISCOVERY**

shown, may grant to a plaintiff leave to serve a deposition notice on an earlier date."

Code of Civil Procedure Section 1985.3(b) states:  "Prior to the date called for in the subpoena duces tecum for the production of personal records, the subpoenaing party shall serve or cause to be served on the consumer whose records are being sought a copy of the subpoena duces tecum, of the affidavit supporting the issuance of the subpoena, if any, and of the notice described in subdivision (e), and proof of service as indicated in paragraph (1) of subdivision (c)."

The California Court of Appeal has suggested that where only Doe defendants are named in a complaint, the plaintiff must seek leave of court to serve deposition notices.  *See, O'Grady v. Superior Court* (2006) 139 Cal. App. 4th 1423, 1454.  Specifically, in *O'Grady*, the appellate court found:

> Apple made petitioners into targets of discovery by securing orders authorizing it to conduct discovery against them.  It was required to secure such orders because, by statute, a plaintiff's power to conduct depositions without leave of court does not arise until "20 days after the service of the summons on, or appearance by, any defendant." (Code Civ. Proc., § 2025.210, subd. (b).)  Not having yet named any defendant, and a fortiori having served none, Apple needed leave of court before it could propound discovery to petitioners or anyone else.

*Ibid.*

Accordingly, Plaintiffs hereby seek leave to serve a deposition subpoena for the production of business records on third party Chase Bank.  Plaintiffs seek leave to do so without first serving a Notice to Consumer on the unknown hacker, Defendant John Doe One.

**C.    Good cause exists to permit service of the subject subpoena on Chase Bank.**

This action arises from the fraudulent and criminal acts of Defendant John Doe One. Plaintiffs seek permission to subpoena the bank where John Doe One maintained the Fraudulent Account, which John Doe One used to defraud Plaintiffs and convert their funds.  Plaintiffs' counsel has concurrently submitted a copy of the proposed subpoena for the Court's reference. (AM Decl., Exh. A.)  Through the subpoena, Plaintiffs seek to uncover the identity of John Doe One, the circumstances surrounding John Doe One's application to open the Fraudulent Account at Chase Bank, the protocol governing Chase Bank's review and approval of John Doe One's

5

*EX PARTE* **APPLICATION FOR LEAVE TO CONDUCT THIRD PARTY DISCOVERY**

application, including but not limited to Chase Bank's compliance with "Know Your Customer" protocol within the banking industry, and related issues.  (AM Decl., Exh. A.)

Plaintiffs seek leave to serve the subpoena directly on Chase Bank without first serving John Doe One with a Notice to Consumer because Plaintiffs lack knowledge of the identity of John Doe One – including whether John Doe One is an individual or corporate entity.

Exigent circumstances warrant the requested relief on an *ex parte* basis.  Plaintiffs' Complaint only contains Doe Defendants.  The primary defendant is John Doe One – the hacker. Plaintiffs cannot proceed with prosecuting this action until Plaintiffs have discovered the identity of John Doe One, along with the related topics in the subject subpoena.  Thus, this application serves judicial economy and efficiency.

## IV.    CONCLUSION

For the above reasons, Plaintiffs respectfully request leave to serve a deposition subpoena for document production on third party Chase Bank, and to do so without first serving a Notice to Consumer on the unknown hacker, Defendant John Doe One.

Dated: July 10, 2023                            **MANASSERIAN LAW, APC**


By:  _/s/ *Armen Manasserian*_____
Armen Manasserian, Esq.
Counsel for Plaintiffs,
Meridian Growers Processing, Inc. and
Partners Personnel – Management Services, LLC

6

RA-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | | |
|---|---|---|
| NAME: Armen Manasserian | STATE BAR NUMBER: 288199 | |

FIRM NAME: Manasserian Law, APC

STREET ADDRESS: 595 E. Colorado Blvd., Suite 810

CITY: Pasadena    STATE: CA    ZIP CODE: 91101

TELEPHONE NO.: (626) 469-0500    FAX NO.:

EMAIL ADDRESS: armen@ml-apc.com

ATTORNEY FOR (name): Plaintiffs, Meridian Growers Processing and Partners Personnel

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF MADERA**

STREET ADDRESS: 200 South G Street

MAILING ADDRESS: 200 South G Street

CITY AND ZIP CODE: Madera, CA 93637

BRANCH NAME: Madera Superior Court

**ELECTRONICALLY FILED**
Superior Court of California,
County of Madera
07/11/2023 at 03:51:01 PM
By: Brittany Velazquez, Deputy Clerk

PLAINTIFF/PETITIONER: Meridian Growers Processing, Inc., et al.

DEFENDANT/RESPONDENT: John Doe One, et al.

OTHER CASE NAME:

**NOTICE OF REMOTE APPEARANCE**

CASE NUMBER:

**MCV089657**

You must use this form to tell the court you intend to appear remotely in a civil case, unless the court's website describes an online process for giving notice. You may also use it to give the required notice to all other parties in the case. (Do not use this form in a juvenile dependency proceeding.)

Check the court's website for information about how to appear remotely, including the departments and types of cases or proceedings that allow remote appearances and ways to appear remotely in their departments for such appearances.

See page 3 of this form for more information, including deadlines for giving notice and for opposing a remote appearance if this notice is for an evidentiary hearing or trial.

**A person appearing remotely should conduct themselves as though appearing in court in person.**

1. The person who intends to appear remotely is (check and complete all that apply):

   [ ] Plaintiff/Petitioner (name):

   [X] Attorney for Plaintiff/Petitioner (name): Armen Manasserian

   [ ] Defendant/Respondent (name):

   [ ] Attorney for Defendant/Respondent (name):

   [ ] Other (name and role in case):

2. The person or persons in 1 intends to appear remotely (check one):

   a. [X] Throughout the case.

   b. [ ] At the proceeding described below, including on any later dates if the proceeding is continued (describe):

      Type of proceeding:

      Set on (date):            at (time):            in (department):

      Before (name of judicial officer, if known):

3. The person intends to appear by (check court's website for method that may be used):

   [X] Videoconference    [ ] Audio only (including telephone)

4. [ ] For evidentiary hearing or trial only (where testimony may be given): the party requests the following additional aspects of the proceeding be conducted remotely(describe what the party wants to be done remotely and why; attach form MC-25 if more space is needed):

**Page 1 of 3**

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>RA-010 [New January 1, 2022] | **NOTICE OF REMOTE APPEARANCE** | Code of Civil Procedure, § 367.75;<br>Cal. Rules of Court, rule 3.672<br>*www.courts.ca.gov* |
|---|---|---|

**RA-010**

| | |
|---|---|
| PLAINTIFF: Meridian Growers Processing, Inc., et al.<br>DEFENDANT: John Doe One, et al. | CASE NUMBER:<br><br>MCV089657 |

5.  **[X]**  I agree to keep the proceeding confidential to the same extent as would be required if I were appearing in person.

Date: July 11, 2023

Armen Manasserian
_____
(TYPE OR PRINT NAME)

▶ _A. Man___ (SIGNATURE)

### Notice to Other Parties

> Anyone intending to appear remotely must provide notice to all other parties by the deadlines stated in Cal. Rules of Court, rule 3.672, and described on the next page. Notice may be provided orally, electronically, or by giving the other parties this form in a way to ensure it is received by the applicable deadline. The party must tell the court this was done either by filing a proof of service (this may be done on forms POS-040 or POS-050 for electronic service) or by completing and signing the declaration below.

### Declaration of Notice

I gave notice that I intend to appear remotely to the other parties or persons entitled to receive notice in this case as stated below.
*Complete one item below for each person notice was given to, and enter one of the following options for "Method of notice" in c.*

- **Mail**: By mailing them a copy of this form (write the mailing address in d.)
- **Overnight delivery**: By having a copy of this form delivered overnight (write the delivery address in d.)
- **Electronic notice:** By e-mail or text message (write the e-mail or phone number in d.)
- **Phone**: By telling them over the telephone or leaving them voice mail (write the phone number in d.), or
- **In person**: By giving them a copy of this form in person, or by telling them orally in person (write the address in d.)

1. [ ] Plaintiff/Petitioner
   a. Name:
   b. Date of notice:
   c. Method of notice:
   d. Address (mailing, in-person, or email) or phone number:

2. [ ] Attorney for:
   a. Name:
   b. Date of notice:
   c. Method of notice:
   d. Address (mailing, in-person, or email) or phone number:

3. [ ] Defendant/Respondent
   a. Name:
   b. Date of notice:
   c. Method of notice:
   d. Address (mailing, in-person, or email) or phone number:

4. [ ] Attorney for:
   a. Name:
   b. Date of notice:
   c. Method of notice:
   d. Address (mailing, in-person, or email) phone number:

5. [ ] Other *(specify):*
   a. Name:
   b. Date of notice:
   c. Method of notice:
   d. Address (mailing, in-person, or email) or phone number:

6. [ ] Attorney for:
   a. Name:
   b. Date of notice:
   c. Method of notice:
   d. Address (mailing, in-person, or email) phone number:

7. [ ] Other *(specify):*
   a. Name:
   b. Date of notice:
   c. Method of notice:
   d. Address (mailing, in-person, or email) or phone number:

7. [ ] Other *(specify):*
   a. Name:
   b. Date of notice:
   c. Method of notice:
   d. Address (mailing, in-person, or email) or phone number:

[ ]  If more people were given notice, check here, attach form MC-025, titled as Attachment Notice, and add the information about how and when notice was given to each person.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE)

RA-010 [New January 1, 2022]

**NOTICE OF REMOTE APPEARANCE**

Page 2 of 3
[page 3 need not be filed]

RA-010

## Instructions for Giving Notice of Remote Appearance
(This page does not need to be filed.)

**1. Court online procedures**. Before using this form, check the court's website to see if that court has an online procedure for providing notice to the court of your intent to appear remotely instead. You can find a link to the website for each court at: *https://www.courts.ca.gov/find-my-court.htm*

**2. How to use this form**. This form is intended for use in civil cases only (any cases not criminal or petitions for habeas corpus, other than petitions under Welf. & Inst. Code, § 5000 et seq.), to provide written notice of intent to appear remotely, to a court and the parties, as described in Code of Civil Procedure section 367.75. It is not needed in juvenile dependency hearings.

**Check the court's website to determine how remote appearances work in that court before completing this form.** If the court does not have an online procedure for giving notice to the court of intent to appear remotely, complete and file this form to give the court notice. If you intend to appear remotely throughout the case, you only need to file it once (check item 2a).

**3. Notice to others**. You may also use this form to show that you gave notice to other parties. You must give notice of your intent to appear remotely to all parties and other persons who are entitled to notice of the proceeding. (If you checked item 2a, you only need to give notice once. Otherwise, give notice to the court and others before each proceeding you intend to appear at remotely.) You can describe how and when you gave notice in the Declaration of Notice on page 2, or by filing a proof of service with the court.

**4. When to file and give notice to others.**

California Rules of Court, rule 3.672(g) and (h) state the deadlines by which you have to give notice of intent to appear remotely to the other parties and the court. (You can give notice earlier.) There are different deadlines :

### *For motions and proceedings in which people cannot testify*

If a party gives or receives *at least 3 court days' notice* of the proceeding (including all regularly noticed motions):
- At least 2 court days before the proceeding.

If a party gives or receives *less than 3 court days' notice* of the proceeding (including ex parte applications):
- With the moving papers, if the notice to appear remotely is by the party that is asking for the hearing; or
- By 2 p.m. the court day before the hearing if the notice to appear remotely is by any other party.

*Note:* If a party misses these deadlines, they may still ask the court for permission to appear remotely.

### *For trials, including small claims trials, and hearings in which people may testify (evidentiary hearings)*

If a party gives or receives *at least 15 court days' notice* of a trial or hearing date, and for all small claims trials:
- At least 10 court days before the trial or hearing date.

If a party gives or receives *less than 15 days' notice* of the trial or hearing (including hearings on protective orders):
- With the moving papers or at least 5 court days before the hearing, if the notice to appear remotely is by the party that is asking for the hearing; or
- By 2 p.m. the court day before the hearing if the notice to appear remotely is by any other party.

*Note:* If a party misses these deadlines, they may still ask thecourt for permission to appear remotely.

**5. Opposition to remote appearances at trial or evidentiary hearing**.  If a party or witness has given notice of intent to appear remotely at a trial or evidentiary hearing (hearing at which people may testify), other parties in the action may oppose the remote appearance by filing *Opposition to Remote Proceeding at Evidentiary Hearing or Trial* (form RA-015). The opposition must be served on parties and other persons entitled to receive notice of the proceedings, by the deadlines summarized on that form. (Cal. Rules of Court, rule 3.672(h)(3).)

**6. In-person appearance.** A court may require any person to appear in person instead of remotely. (Code Civ. Proc., § 367.75(b).)

**7. Recordings.**  No person may record a proceeding without first getting approval from the judge. (Cal. Rules of Court, rule 1.150(c).)

**8.  Accommodations for disability**. If a party needs an accommodation for a disability, use form MC-410*, Disability Accommodations Request,* to tell the court about their needs. See form MC-410-INFO for more information.

**9.  Request for interpreter.** If a party does do not speak English well, ask the court clerk as soon as possible for a court-provided interpreter. Form INT-300, *Request for an Interpreter,* or a local court form may be used to request an interpreter. If no court interpreter is available, it may be necessary to reschedule the hearing or trial.

**IN THE SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF MADERA**

Meridian Growers Processing, Inc. et al
    Plaintiff/Petitioner,

VS.

John Doe One
    Defendant/Respondent.

)
)
)
)
)
)
)
)
)

Case No.    **MCV089657**

Event Date:    **July 12, 2023**
Event Type:    **Hearing: Other**

Judge:    **Brian W. Enos**
Clerk:    **Rosanne Smith**
Reporter:    **Forrest Zoslocki**
☐ New Issue Heard ☐ 1
Companion Cases:

**Minutes**

Appearances:    ☐  No appearances    ☐ Interpreter:
                ☒  Matter heard via Zoom

                ☐  Party:    Plaintiff Meridian Growers Processing    Attorney:    Armen Manasserian
                ☐  Party:    _____    Attorney:    _____
                ☐  Party:    _____    Attorney:    _____
                ☐  Party:    _____    Attorney:    _____
                ☐  Party:    _____    Attorney:    _____

☒    Court calls the matter for the record.
☒    Court has read and considered the exparte application submitted for hearing.
☒    Plaintiff Counsel addresses the Court.

☒    Court Orders:
☒    Court finds good case based the exparte application submitted.

☒    Court grants the requests.

☒    Court signs the Order submitted.

RECEIVED NOT FILED
Superior Court of California
County of Madera
07/10/2023 at 10:52:37 AM
By: Danyele Cerda, Deputy Clerk

**FILED**
Superior Court of California,
County of Madera
**07/20/2023**

Adrienne Calip / Clerk of Court
By: Rocio Bueno, Deputy Clerk

**MANASSERIAN LAW, APC**
Armen Manasserian (SBN 288199)
595 E. Colorado Blvd., Suite 810
Pasadena, California 91101
Tel.: (626) 469-0500
Fax: (626) 469-0510
Email: armen@ml-apc.com

Counsel for Plaintiffs,
Meridian Growers Processing, Inc. and
Partners Personnel – Management Services, LLC

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF MADERA

| | |
|---|---|
| MERIDIAN GROWERS PROCESSING, INC., a California Corporation; PARTNERS PERSONNEL – MANAGEMENT SERVICES, LLC, a Delaware Limited Liability Company,<br><br>        Plaintiffs,<br><br>  v.<br><br>JOHN DOE ONE, an individual; DOES 2 - 50, inclusive,<br><br>        Defendants. | Case No.:  MCV089657<br><br>[~~PROPOSED~~] ORDER ON *EX PARTE* APPLICATION FOR LEAVE TO CONDUCT THIRD PARTY DISCOVERY<br><br>Date:       July 12, 2023<br>Time:      8:00 a.m.<br>Dept.:      45 |

/ / /

1

# [PROPOSED] ORDER

On July 12, 2023 at 8:00 a.m., in Department 45 of the above-captioned courthouse, located at 200 South G Street, Madera, California 93637, the Honorable Judge Katherine M. Rigby presiding, the Court held a hearing on the *Ex Parte* Application for Leave to Conduct Third Party Discovery ("Application") filed by Plaintiffs Meridian Growers Processing, Inc. ("Meridian") and Partners Personnel – Management Services, LLC ("Partners Personnel") (together, "Plaintiffs").

The Court, having considered the Application, oral argument, and the record herein, and good cause appearing, hereby finds and rules as follows:

1. The Application is **GRANTED**.

2. The Court grants leave for Plaintiffs to issue and serve the subpoena to third party JPMorgan Chase Bank, N.A., a true and correct copy of which is attached to the Declaration of Armen Manasserian in Support of the Application.

3. Plaintiffs may serve the subject subpoena without first serving a Notice to Consumer on Defendant John Doe One.

**IT IS SO ORDERED.**

Dated: 07/20/2023

Brian W Enos

Hon. Katherine M. Rigby
Judge of the Superior Court

The electronic signature and seal on this document have the same validity and legal force and effect as an original signature and court seal. California Government Code §68150(g).

2

[PROPOSED] ORDER

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | *FOR COURT USE ONLY* |
|---|---|
| Armen Manasserian (SBN 288199)<br>Manasserian Law, APC<br>595 E. Colorado Blvd., Suite 810<br>Pasadena, CA 91101<br><br>TELEPHONE NO.: (626) 469-0500    FAX NO. *(Optional):*<br>E-MAIL ADDRESS: armen@ml-apc.com<br>ATTORNEY FOR *(Name):* Plaintiffs | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Madera<br>09/29/2023 at 03:52:45 PM<br>By: Cecilia Tamayo, Deputy Clerk |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF MADERA**
STREET ADDRESS: 200 South G Street
MAILING ADDRESS: 200 South G Street
CITY AND ZIP CODE: Madera, CA 93637
BRANCH NAME: Madera Superior Court

PLAINTIFF/PETITIONER: Meridian Growers Processing, Inc., et al.

DEFENDANT/RESPONDENT: John Doe One, et al.

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| *(Check one):*  [X] **UNLIMITED CASE**<br>(Amount demanded exceeds $25,000)    [ ] **LIMITED CASE**<br>(Amount demanded is $25,000 or less) | MCV089657 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: October 10, 2023        Time: 8:30 a.m.        Dept.: 45        Div.:        Room:

Address of court *(if different from the address above):*

[X]  **Notice of Intent to Appear by Telephone, by** *(name):* Armen Manasserian

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. [ ] This statement is submitted by party *(name):*
   b. [X] This statement is submitted **jointly** by parties *(names):* All Plaintiffs

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):* 6/12/2023
   b. [ ] The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. [ ] All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. [X] The following parties named in the complaint or cross-complaint
      (1) [X] have not been served *(specify names and explain why not):*
         John Doe Hone, Does 2 - 50:  Still in process of identifying Doe Defendants
      (2) [ ] have been served but have not appeared and have not been dismissed *(specify names):*
      (3) [ ] have had a default entered against them *(specify names):*
   c. [ ] The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in  [X] complaint  [ ] cross-complaint  *(Describe, including causes of action):*
      1) Conversion; 2) Conversation; 3) Fraud; 4) Declaratory Relief

**Page 1 of 5**

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. September 1, 2021] | **CASE MANAGEMENT STATEMENT** | Cal. Rules of Court,<br>rules 3.720–3.730<br>*www.courts.ca.gov* |
|---|---|---|

Electronically Submitted on 09/29/23 3:52 PM

**CM-110**

| PLAINTIFF/PETITIONER: Meridian Growers Processing, Inc., et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: John Doe One, et al. | MCV089657 |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*
From September 2022 to October 2022, Defendant John Doe One defrauded Plaintiffs by inducing Meridian to issue three online payment orders, totaling over $380,000.00, to a fraudulent account controlled by John Doe One.  Plaintiffs are still in the process of identifying John Doe One and any other defendants.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**

The party or parties request ☒ a jury trial    ☐ a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**

a. ☐ The trial has been set for  *(date):*

b. ☒ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint  *(if not, explain):*

c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**

The party or parties estimate that the trial will take *(check one):*

a. ☒ days *(specify number):* 3-5

b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*

The party or parties will be represented at trial    ☒ by the attorney or party listed in the caption    ☐ by the following:

a. Attorney:

b. Firm:

c. Address:

d. Telephone number:                              f. Fax number:

e. E-mail address:                               g. Party represented:

☐ Additional representation is described in Attachment 8.

9. **Preference**

☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**

a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 of the California Rules of Court for information about the processes available through the court and community programs in this case.

(1) For parties represented by counsel: Counsel ☒ has   ☐ has not   provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2) For self-represented parties: Party ☐ has   ☐ has not  reviewed the ADR information package identified in rule 3.221.

b. **Referral to judicial arbitration or civil action mediation** (if available).

(1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

CM-110 [Rev. September 1, 2021]                    **CASE MANAGEMENT STATEMENT**                    **Page 2 of 5**

**CM-110**

| PLAINTIFF/PETITIONER:   Meridian Growers Processing, Inc., et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:   John Doe One, et al. | MCV089657 |

10. c.   Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

**CM-110**

| | |
|---|---|
| PLAINTIFF/PETITIONER:  Meridian Growers Processing, Inc., et al.<br>DEFENDANT/RESPONDENT:  John Doe One, et al. | CASE NUMBER:<br>MCV089657 |

**11. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

**13. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

　(1) Name of case:

　(2) Name of court:

　(3) Case number:

　(4) Status:

　☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Plaintiffs | Written Discovery | Per Code |
| Plaintiffs | Depositions | Per Code |
| Plaintiffs | Expert Discovery | Per Code |

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

CM-110 [Rev. September 1, 2021] **CASE MANAGEMENT STATEMENT** **Page 4 of 5**

**CM-110**

| PLAINTIFF/PETITIONER:  Meridian Growers Processing, Inc., et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  John Doe One, et al. | MCV089657 |

17. **Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

18. **Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

19. **Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*
Plaintiffs are investigating the identity of Defendant John Doe One.

b. ☐ After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:  September 29, 2023

Armen Manasserian
_____
(TYPE OR PRINT NAME)

▶ /s/ *Armen Manasserian*
_____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶
_____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

CM-110 [Rev. September 1, 2021]  **CASE MANAGEMENT STATEMENT**  **Page 5 of 5**

**IN THE SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF MADERA**

|  |  |
|---|---|
| Meridian Growers Processing, Inc. et al<br>　　Plaintiff/Petitioner,<br><br>VS.<br><br>John Doe One<br>　　Defendant/Respondent. | Case No.　　**MCV089657**<br><br>Event Date:　**October 10, 2023**<br>Event Type:　**Case Management Conference**<br><br>Judge:　　**Brian W. Enos**<br>Clerk:　　**Rosa Baca**<br>Reporter:　**Theresa Traylor**<br>☐ New Issue Heard ☐ 1<br>Companion Cases: |

**Minutes**

Appearances:　☐　No appearances　　☐ Interpreter:
　　　　　　　☒　Matter heard via Zoom

　　　　☐　Party:　____　　　　　Attorney:　Armen Manasserian by Zoom on behalf of the
　　　　　　　　　　　　　　　　　　　　　　　plaintiff
　　　　☐　Party:　____　　　　　Attorney:　____
　　　　☐　Party:　____　　　　　Attorney:　____
　　　　☐　Party:　____　　　　　Attorney:　____
　　　　☐　Party:　____　　　　　Attorney:　____

☒　Matter is called for a case management conference.
☒　There are no appearances by defendant.
☒　Court recites history of the case.
☒　Mr. Manasserian provides the Court with status and requests a continuance of 120-days.
☒　**Court continues the matter to 02-08-2024 at 8:30 AM in department 45.**
☒　Notice is waived.
☒　Plaintiff is to notify any new defendant of the next court hearing.

Minute Order – Civil Free Text　　Revised 8/5/15

RECEIVED NOT FILED
Superior Court of California,
County of Madera
By: Danyele Cerda, Deputy Clerk

**MANASSERIAN LAW, APC**
Armen Manasserian (SBN 288199)
595 E. Colorado Blvd., Suite 810
Pasadena, California 91101
Tel.: (626) 469-0500
Fax: (626) 469-0510
Email: armen@ml-apc.com

Counsel for Plaintiffs,
Meridian Growers Processing, Inc. and
Partners Personnel – Management Services, LLC

**FILED**
Superior Court of California,
County of Madera
**02/01/2024**
Adrienne Calip / Clerk of Court
By: Danyele Cerda, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF MADERA

| | |
|---|---|
| MERIDIAN GROWERS PROCESSING, INC., a California Corporation; PARTNERS PERSONNEL – MANAGEMENT SERVICES, LLC, a Delaware Limited Liability Company,<br><br>                              Plaintiffs,<br><br> v.<br><br>JOHN DOE ONE, an individual; DOES 2 - 50, inclusive,<br><br>                              Defendants. | Case No.:  MCV089657<br><br>**REQUEST TO CONTINUE CASE MANAGEMENT CONFERENCE; [PROPOSED] ORDER**<br><br>Date:          February 8, 2024<br>Time:         8:30 a.m.<br>Dept.:         45 |

/ / /

REQUEST TO CONTINUE CASE MANAGEMENT CONFERENCE; [PROPOSED] ORDER

Electronically Submitted on 01/31/24 3:04 PM

**REQUEST**

Plaintiffs Meridian Growers Processing, Inc. and Partners Personnel – Management Services, LLC ("Plaintiffs") respectfully request the Court continue the forthcoming Case Management Conference by 30 days, from February 8, 2024 to March 8, 2024, or to another date that is convenient for the Court.  Plaintiffs' counsel has a scheduling conflict on the current date of the Case Management Conference - February 8, 2024.

Dated: January 30, 2024                                  **MANASSERIAN LAW, APC**


                                                             /s/ *Armen Manasserian*
                                                             Armen Manasserian
                                                             Attorneys for Plaintiff,
                                                             Meridian Growers Processing, Inc.

/ / /

2

**REQUEST TO CONTINUE CASE MANAGEMENT CONFERENCE; [PROPOSED] ORDER**

## [~~PROPOSED~~] ORDER

The Court, having considered the Plaintiffs' Request for Continuance and good cause showing, hereby rules as follows:

1.    The Request is **GRANTED**.

2.    The Court continues the Case Management Conference to _____March 12__, 2024 at 8:30 a.m.

**IT IS SO ORDERED.**

Dated:    __02/01/2024_____         _____

                                         Hon. Brian W. Enos
                                         Judge of the Superior Court

The electronic signature and seal on this document have the same validity and legal force and effect as an original signature and court seal. California Government Code §68150(g).

3

**REQUEST TO CONTINUE CASE MANAGEMENT CONFERENCE; [PROPOSED] ORDER**

**IN THE SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF MADERA**
**DEPARTMENT 45**

Meridian Growers Processing, Inc. et al )

        Plaintiff/Petitioner, )

    v. )

      )

John Doe One )

        Defendant/Respondent. )

| | |
|---|---|
| Case No. | **MCV089657** |
| Event Date: | **February 8, 2024** |
| Event Type: | **Case Management Conference - Continued** |
| Mtn/OSC: | |
| Add'l Info: | |
| Judge: | **Honorable** Brian W. Enos |
| Clerk: | **Rosa Baca** |
| Reporter: | **Michelle Bender** |

## Civil Unlimited - Minutes

**Minute order prepared by Teresa Gastelum**

### Appearances

There are no appearances.

### Nature of Proceedings

Court notes that within the last weekend, a stipulation and order to continue was submitted to continue the hearing to March 12, 2024.

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Armen Manasserian (SBN 288199)<br>Manasserian Law, APC<br>595 E. Colorado Blvd., Suite 810<br>Pasadena, CA 91101<br><br>TELEPHONE NO.: (626) 469-0500          FAX NO. *(Optional):*<br>E-MAIL ADDRESS: armen@ml-apc.com<br>ATTORNEY FOR *(Name):* Plaintiffs | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Madera<br>**03/04/2024 at 05:00:05 PM**<br>By: Byssa Barajas, Deputy Clerk |

*(right margin, vertical text)* Electronically Submitted on 03/4/24 5:00 PM

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF MADERA**
STREET ADDRESS: 200 South G Street
MAILING ADDRESS: 200 South G Street
CITY AND ZIP CODE: Madera, CA 93637
BRANCH NAME: Madera Superior Court

PLAINTIFF/PETITIONER: Meridian Growers Processing, Inc., et al.

DEFENDANT/RESPONDENT: John Doe One, et al.

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| *(Check one):*  [X] **UNLIMITED CASE**<br>(Amount demanded<br>exceeds $25,000)      [ ] **LIMITED CASE**<br>(Amount demanded is $25,000<br>or less) | MCV089657 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: March 12, 2024          Time: 8:30 a.m.          Dept.: 45          Div.:          Room:

Address of court *(if different from the address above):*

[X]  **Notice of Intent to Appear by Telephone, by** *(name):* Armen Manasserian

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. [ ]  This statement is submitted by party *(name):*
   b. [X]  This statement is submitted **jointly** by parties *(names):* All Plaintiffs

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):* 6/12/2023
   b. [ ]  The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. [ ]  All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. [X]  The following parties named in the complaint or cross-complaint
      (1) [X]  have not been served *(specify names and explain why not):*
          John Doe One, Does 2 - 50
      (2) [ ]  have been served but have not appeared and have not been dismissed *(specify names):*
      (3) [ ]  have had a default entered against them *(specify names):*
   c. [ ]  The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in  [X] complaint   [ ] cross-complaint   *(Describe, including causes of action):*
      1) Conversion; 2) Conversation; 3) Fraud; 4) Declaratory Relief

**Page 1 of 5**

CM-110

| PLAINTIFF/PETITIONER:  Meridian Growers Processing, Inc., et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  John Doe One, et al. | MCV089657 |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*
From September 2022 to October 2022, Defendant John Doe One defrauded Plaintiffs by inducing Meridian to issue three online payment orders, totaling over $380,000.00, to a fraudulent account controlled by John Doe One.  Plaintiffs intend to amend their Complaint to add Chase Bank as a defendant.

[ ]  *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**

The party or parties request [ X ] a jury trial     [ ] a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**

a.  [ ]  The trial has been set for  *(date):*

b.  [ X ]  No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint  *(if not, explain):*

c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**

The party or parties estimate that the trial will take *(check one):*

a.  [ X ]  days  *(specify number):* 3-5

b.  [ ]  hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*

The party or parties will be represented at trial    [ X ] by the attorney or party listed in the caption     [ ] by the following:

a.  Attorney:

b.  Firm:

c.  Address:

d.  Telephone number:     f.  Fax number:

e.  E-mail address:     g.  Party represented:

[ ]  Additional representation is described in Attachment 8.

9.  **Preference**

[ ]  This case is entitled to preference *(specify code section):*

10.  **Alternative dispute resolution (ADR)**

a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 of the California Rules of Court for information about the processes available through the court and community programs in this case.

(1)  For parties represented by counsel: Counsel  [ X ] has   [ ] has not   provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2)  For self-represented parties: Party [ ] has  [ ] has not  reviewed the ADR information package identified in rule 3.221.

b.  **Referral to judicial arbitration or civil action mediation** (if available).

(1)  [ ] This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2)  [ ] Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3)  [ ] This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

**CM-110**

| PLAINTIFF/PETITIONER:   Meridian Growers Processing, Inc., et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:   John Doe One, et al. | MCV089657 |

10. c.  Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

**CM-110**

| PLAINTIFF/PETITIONER: Meridian Growers Processing, Inc., et al.<br>DEFENDANT/RESPONDENT: John Doe One, et al. | CASE NUMBER:<br>MCV089657 |
|---|---|

11. **Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

12. **Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

13. **Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

(1) Name of case:

(2) Name of court:

(3) Case number:

(4) Status:

☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

14. **Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

15. **Other motions**

☒ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*
Plaintiffs intend to amend their Complaint to add Chase Bank as a defendant. Plaintiffs are informed and believe that Defendant John Doe One used an account at Chase Bank to defraud Plaintiffs, and Chase Bank knew or had reason to know of the subject unlawful activity.

16. **Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Plaintiffs | Written Discovery | Per Code |
| Plaintiffs | Depositions | Per Code |
| Plaintiffs | Expert Discovery | Per Code |

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

---

CM-110 [Rev. September 1, 2021]

**CASE MANAGEMENT STATEMENT**

**Page 4 of 5**

**CM-110**

| PLAINTIFF/PETITIONER:  Meridian Growers Processing, Inc., et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  John Doe One, et al. | MCV089657 |

17. **Economic litigation**

    a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

    b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

18. **Other issues**

    ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

19. **Meet and confer**

    a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*
        Plaintiffs are investigating the identity of Defendant John Doe One.

    b. ☐ After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:  February 26, 2024

| Armen Manasserian | ► /s/ *Armen Manasserian* |
|---|---|
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |
| | ► |
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |

    ☐ Additional signatures are attached.

**IN THE SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF MADERA**

|  |  |  |
|---|---|---|
| Meridian Growers Processing, Inc. et al<br>    Plaintiff/Petitioner,<br><br>VS.<br><br>John Doe One<br>    Defendant/Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.    **MCV089657**<br><br>Event Date:    **March 12, 2024**<br>Event Type:    **Case Management Conference - Continued**<br><br>Judge:    **Brian W. Enos**<br>Clerk:    **Samantha Navarro**<br>Reporter:    **NONE**<br>☐ INTERPRETER<br>Companion Cases: |

**Minutes**

Appearances:  ☐ No appearances    ☐ Matter heard by Court Call  ☒ Matter heard via Zoom
            ☐ Party: _____                                  Attorney:   Armen Manasserian for Plaintiff
            ☐ Party: _____                                  Attorney:   _____
            ☐ Party: _____                                  Attorney:   _____
            ☐ Party: _____                                  Attorney:   _____
            ☐ Party: _____                                  Attorney:   _____

-------**CASE MANAGEMENT CONFERENCE**--------------------------------------------------------------------------------------------------------------------

☒    In preparation for today's hearing Court has reviewed the Petitioner's Case Management Statement, noting it states not all defendants have been served.

☒    Counsel confirms and reiterates their intention to add Chase Bank as a Defendant and have them served.

☒    **Case Management Conference continued to: May 30, 2024 at 8:30a.m. in Dept. 45**

☒    Counsel waives notice.

Electronically Submitted on 05/30/24 10:50 AM

**ELECTRONICALLY FILED**
Superior Court of California,
County of Madera
**05/30/2024 at 10:50:03 AM**
By: Rosie Bueno, Deputy Clerk

**MANASSERIAN LAW, APC**
Armen Manasserian (SBN 288199)
595 E. Colorado Blvd., Suite 810
Pasadena, California 91101
Tel.: (626) 469-0500
Fax: (626) 469-0510
Email: armen@ml-apc.com

Counsel for Plaintiffs,
Meridian Growers Processing, Inc. and
Partners Personnel – Management Services, LLC

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF MADERA

| | |
|---|---|
| MERIDIAN GROWERS PROCESSING, INC., a California Corporation; PARTNERS PERSONNEL – MANAGEMENT SERVICES, LLC, a Delaware Limited Liability Company,<br><br>Plaintiffs,<br><br> v.<br><br>JPMORGAN CHASE BANK, N.A., a Delaware corporation; JOHN DOE ONE, an individual; DOES 2 - 50, inclusive,<br><br>Defendants. | Case No.: MCV089657<br><br>**FIRST AMENDED COMPLAINT** |

/ / /

1

**FIRST AMENDED COMPLAINT**

**PARTIES**

1.     Plaintiff Meridian Growers Processing, Inc. ("Meridian") is a California corporation with a principal place of business in Madera County, California.

2.     Plaintiff Partners Personnel – Management Services, LLC ("Partners Personnel") is a Delaware limited liability company with a principal place of business in Santa Barbara County, California.

3.     On information and belief, Defendant JPMorgan Chase Bank, N.A. ("Chase") is a Delaware corporation, with its principal place of business in New York County, New York, and offices and bank branches throughout California, including in Madera County, California.

4.     Plaintiffs Meridian and Partners Personnel (together, "Plaintiffs") are unaware of the true name of the defendant named herein as John Doe One, but allege on information and belief that John Doe One is in some manner responsible for the events alleged herein.  Plaintiffs therefore sue this defendant by such fictitious name and will amend this Complaint to state his or her true name where Plaintiffs ascertain the same.

5.     Plaintiffs allege on information and belief that Defendant John Doe One is an individual who intentionally advanced malicious, harmful and abusive schemes against Plaintiffs, and defrauded Plaintiffs in Madera County, California.

6.     Plaintiffs are unaware of the true names and capacities of the defendants named herein as Does 2 through 50, inclusive, but allege on information and belief that they are in some manner responsible for the events alleged herein.  Plaintiffs therefore sue these defendants by such fictitious names and will amend this Complaint to state their true names and capacities when Plaintiffs ascertain the same.

7.     Each defendant is in some way responsible for the damages sustained by Plaintiffs. When the Complaint references any act of any defendant or defendants, such reference shall mean the act of those defendants named in the particular cause of action and each of them acting individually, jointly and severally.

///

///

2

**FIRST AMENDED COMPLAINT**

**JURISDICTION AND VENUE**

8.     Venue is proper in this Court because the events giving rise to this action occurred in Madera County, California.

9.     Venue is also proper in this Court because, on information and belief, the defendants reside and/or conduct business in Madera County, California.

10.     This action arises from and is related to the defendants' forum contacts and activities, such that the exercise of jurisdiction and venue in this forum is fair and reasonable.

**GENERAL ALLEGATIONS**

11.     Plaintiff Meridian provides processing services for growers of pistachios in California.

12.     Plaintiff Partners Personnel provides staffing services nationwide.

13.     At all times relevant herein, Partners Personnel provided staffing services to Meridian.

14.     On information and belief, in 2022, Defendant John Doe One hacked, phished, and/or intercepted emails between Meridian and Partners Personnel.

15.     On information and belief, in 2022, Defendant John Doe One sent emails to Meridian in the first person as a purported employee and/or agent of Partners Personnel.

16.     While posing as an employee and/or agent of Partners Personnel, Defendant John Doe One instructed Meridian to redirect outstanding payments, owed by Meridian to Partners Personnel, to a purported "new account" of Partners Personnel.

17.     In reality, the purported "new account" of Partners Personnel was the personal bank account of an unnamed individual who is a retired veteran (the "Fraudulent Account").

18.     The Fraudulent Account was maintained by Defendant Chase.

19.     On information and belief, the unnamed individual ("Unnamed Party") used the account for checking and non-business purposes.

20.     Defendant John Doe One transferred the fraudulently obtained funds from Meridian in the Fraudulent Account maintained by Defendant Chase to another account.

21.     From September 2022 to October 2022, Defendant John Doe One defrauded

3

**FIRST AMENDED COMPLAINT**

Plaintiffs by inducing Meridian to issue three payment orders, totaling over $380,000.00, to the Fraudulent Account.

22.    Specifically, on September 14, 2022, Partners Personnel emailed Meridian with a summary of outstanding invoices.  The summary reflected the following balances:

| Client Name | Invoice Date | Invoice Number | Total Amount Due |
|---|---|---|---|
| Meridian | 7/31/2022 | 500049501 | ($10.10) |
| Meridian | 8/28/2022 | 500057511 | $3,160.06 |
| Meridian | 8/28/2022 | 500057512 | $1,814.05 |
| Meridian | 8/28/2022 | 500057513 | $6,969.35 |
| Meridian | 8/28/2022 | 500057514 | $2,077.16 |
| Meridian | 8/28/2022 | 500057515 | $41,673.22 |
| Meridian | 8/28/2022 | 500057516 | $21,788.22 |
| Meridian | 8/28/2022 | 500057517 | $1,138.68 |
| Meridian | 8/28/2022 | 500058153 | $848.00 |
| Meridian | 9/4/2022 | 500058581 | $124,030.27 |
| Meridian | 9/4/2022 | 500062894 | $985.92 |
| | | | **$204,474.83** |

23.     On September 21, 2022, Meridian employee Kathy Flores emailed Partners Personnel and requested a new summary of outstanding invoices.

24.    On September 21, 2022, Partners Personnel employee Ashleigh Haddad responded to Ms. Flores' email and provided a new summary, reflecting the following outstanding balances:

| Client Name | Invoice Date | Invoice Number | Total Amount Due |
|---|---|---|---|
| Meridian | 7/31/2022 | 500049501 | ($10.10) |
| Meridian | 8/28/2022 | 500057515 | $359.61 |
| Meridian | 9/4/2022 | 500058581 | $124,030.27 |
| Meridian | 9/4/2022 | 500062894 | $985.92 |
| Meridian | 9/11/2022 | 500065793 | $142,756.91 |
| Meridian | 9/18/2022 | 500066988 | $131,928.56 |
| Meridian | 9/18/2022 | 500068150 | $338.24 |
| | | | **$400,389.41** |

25.    On September 21, 2022, Ms. Flores responded to Ms. Haddad's email, thanking Ms. Haddad for the updated summary.

26.    On September 28, 2022, Ms. Flores received a response, in the same email chain,

4

**FIRST AMENDED COMPLAINT**

from "Ashleigh Haddad" -- with what appeared to be Ms. Haddad's email address ("September 28, 2022 Email").

27.    The September 28, 2022 Email was also addressed to the same Meridian recipients, and seemingly the same Partners Personnel recipients, as Ms. Haddad's prior email from September 21, 2022.

28.    Plaintiffs subsequently discovered that the September 28, 2022 Email was sent by Defendant John Doe One, posing as Ashleigh Haddad, with a virtually identical email address as Ashleigh Haddad.

29.    Plaintiffs also subsequently discovered that the other "Partners Personnel" recipients in the September 28, 2022 Email were also fake accounts created by Defendant John Doe One, which were also virtually identical to the email addresses they mimicked.

30.    In the September 28, 2022 Email, Defendant John Doe One, posing as Ashleigh Haddad, requested an update on the status of payments, then stated that Partners Personnel had a new bank account, to which it preferred to receive future payments, and offered to provide the new ACH information.

31.    Ms. Flores responded to the September 28, 2022 Email by stating that Meridian had already paid Partners Personnel for the invoices dated September 4, 2022.  Ms. Flores requested confirmation of receipt of those payments.

32.    In response, Defendant John Doe One, still posing as Ashleigh Haddad, falsely confirmed receipt of Meridian's payments on the September 4, 2022 invoices into Partners Personnel's "old account."  Defendant John Doe One then provided the ACH information of the Fraudulent Bank Account, and asked Ms. Flores to "update accordingly and ensure payments going forward" are sent to the Fraudulent Bank Account.

33.    On September 30, 2022, Meridian submitted a payment order to its bank to wire a total of **$142,756.91** to the Fraudulent Bank Account ("Payment Order One").

34.    Payment Order One listed the recipient as "Partners Personnel Management," with an email address of "espererepay@espererholdings.com."

35.    Payment Order One notated that the wire was for "Invoice # 500065793."

**FIRST AMENDED COMPLAINT**

36.     At the time of Payment Order One, Meridian believed it was issuing Payment Order One to a bank account of Partners Personnel.

37.     At the time of Payment Order One, Meridian did not know that the Fraudulent Bank Account belonged to Unnamed Party and not Partners Personnel.

38.     On October 11, 2022, Meridian submitted a payment order to its bank to wire a total of **$132,266.80** to the Fraudulent Bank Account ("Payment Order Two").

39.     Payment Order Two twice-listed the recipient as "Partners Personnel Management," and twice-listed the email address of the recipient as "espererepay@espererholdings.com."

40.     Payment Order Two notated that the wire was for two invoices:  (1) "Invoice # 500066988" – in the amount of $131,928.56; and (2) "Invoice # 500068150" – in the amount of $338.24.

41.     At the time of Payment Order Two, Meridian believed it was issuing Payment Order Two to a bank account of Partners Personnel.

42.     At the time of Payment Order Two, Meridian did not know that the Fraudulent Bank Account belonged to Unnamed Party and not Partners Personnel.

43.     On October 17, 2022, Meridian submitted a payment order to its bank to wire a total of **$107,330.04** to the Fraudulent Bank Account ("Payment Order Three").

44.     Payment Order Three listed the recipient four times as "Partners Personnel Management," and listed the email address of the recipient four times as "espererepay@espererholdings.com."

45.     Payment Order Three notated that the wire was for four invoices:  (1) "Invoice # 500069598" – in the amount of $84,155.62; (2) "Invoice # 500057515-1" – in the amount of $309.45; (3) "Invoice # 500057516-1" – in the amount of $50.16; and (4) "Invoice # 500071050" – in the amount of $154.08.

46.     At the time of Payment Order Three, Meridian believed it was issuing Payment Order Three to a bank account of Partners Personnel.

47.     At the time of Payment Order Three, Meridian did not know that the Fraudulent

6

**FIRST AMENDED COMPLAINT**

Bank Account belonged to Unnamed Party and not Partners Personnel.

48.    Through the three payment orders, Meridian's bank wired a total of **$382,353.75** (the "Subject Funds") to the Fraudulent Bank Account.

49.    Thereafter, Plaintiffs Meridian and Partners Personnel discovered that they had been the victims of an online hack.

## FIRST CAUSE OF ACTION

### CONVERSION

### By Plaintiff Meridian

### Against Defendants John Doe One and Does 2-50

50.    Plaintiffs hereby incorporate all previous paragraphs of this Complaint as though fully set forth herein.

51.    Plaintiff Meridian owned, possessed and/or had a right to possess the Subject Funds.

52.    Defendant John Doe One substantially interfered with the Subject Funds by knowingly and intentionally taking possession of the Subject Funds, including through hacking, phishing, intercepting emails between Meridian and Partners Personnel, and related deceit.

53.    Plaintiff Meridian did not consent to Defendant John Doe One's taking possession of the Subject Funds.

54.    Plaintiff Meridian was harmed by Defendant John Doe One's conduct.

55.    Defendant John Doe One's conduct was a substantial factor in causing harm to Plaintiff Meridian.

56.    As a direct and proximate cause of Defendant John Doe One's conduct, Plaintiff Meridian has suffered damages in an amount no less than $382,353.75.

57.    Defendant John Doe One committed all of the above-referenced acts willfully, wantonly, maliciously, and with the intent to defraud and injure Plaintiff Meridian, thereby entitling Plaintiff Meridian to exemplary and punitive damages, attorney's fees, and any and all other relief authorized by law.

7

**FIRST AMENDED COMPLAINT**

**SECOND CAUSE OF ACTION**

**CONVERSION**

**By Plaintiff Partners Personnel**

**Against Defendants John Doe One and Does 2-50**

58.    Plaintiffs hereby incorporate all previous paragraphs of this Complaint as though fully set forth herein.

59.    Plaintiff Partners Personnel had a right to possess the Subject Funds.

60.    Defendant John Doe One substantially interfered with the Subject Funds by knowingly and intentionally taking possession of the Subject Funds, including through hacking, phishing, intercepting emails between Meridian and Partners Personnel, and related deceit.

61.    Plaintiff Partners Personnel did not consent to Defendant John Doe One's taking possession of the Subject Funds.

62.    Plaintiff Partners Personnel was harmed by Defendant John Doe One's conduct.

63.    Defendant John Doe One's conduct was a substantial factor in causing harm to Plaintiff Partners Personnel.

64.    As a direct and proximate cause of Defendant John Doe One's conduct, Plaintiff Partners Personnel has suffered damages in an amount no less than $382,353.75.

65.    Defendant John Doe One committed all of the above-referenced acts willfully, wantonly, maliciously, and with the intent to defraud and injure Plaintiff Partners Personnel, thereby entitling Plaintiff Partners Personnel to exemplary and punitive damages, attorney's fees, and any and all other relief authorized by law.

**THIRD CAUSE OF ACTION**

**FRAUD**

**By Plaintiff Meridian**

**Against Defendants John Doe One and Does 2-50**

66.    Plaintiffs hereby incorporate all previous paragraphs of this Complaint as though fully set forth herein.

///

8

**FIRST AMENDED COMPLAINT**

67.    Defendant John Doe One represented himself/herself to Meridian as an employee or agent of Partners Personnel.

68.    Defendant John Doe One, while posing as Partners Personnel, represented to Meridian that Partners Personnel had a new bank account, *i.e.*, the Fraudulent Bank Account.

69.    Defendant John Doe One, while posing as Partners Personnel, represented to Meridian that Partners Personnel wished to receive all future payments from Meridian into the Fraudulent Bank Account.

70.    Defendant John Doe One, while posing as Partners Personnel, further represented to Meridian that the ACH information it was providing to Meridian, *i.e.*, for the Fraudulent Bank Account, was for an actual bank account of Partners Personnel.

71.    The above-referenced representations of Defendant John Doe One were false.

72.    Defendant John Doe One knew that the above-referenced representations were false when Defendant John Doe One made them.

73.    Defendant John Doe One intended that Meridian rely on each of the above-referenced misrepresentations.

74.    Meridian reasonably relied on each of Defendant John Doe One's above-referenced misrepresentations.

75.    Meridian's reliance on each of Defendant John Doe One's above-referenced misrepresentations was a substantial factor in causing Meridian's harm.

76.    As a direct and proximate cause of Defendant John Doe One's conduct, Plaintiff Meridian has suffered damages in an amount no less than $382,353.75.

77.    Defendant John Doe One committed all of the above-referenced acts willfully, wantonly, maliciously, and with the intent to defraud and injure Plaintiff Meridian, thereby entitling Plaintiff Meridian to exemplary and punitive damages, attorney's fees, and any and all other relief authorized by law.

///

///

///

9

**FIRST AMENDED COMPLAINT**

## FOURTH CAUSE OF ACTION

### WRONGFUL PAYMENT OF WIRE TRANSFER

### By Plaintiffs Meridian and Partners Personnel

### Against JPMorgan Chase Bank, N.A. and Does 2-50

78.     Plaintiffs hereby incorporate all previous paragraphs of this Complaint as though fully set forth herein.

79.     Article 4A of the Uniform Commercial Code, as codified in division 11 of the California Commercial Code, governs the rights and obligations resulting from "funds transfer." Cal. U. Com. Code §§ 11101, *et seq*.

80.     Defendant Chase owed Meridian and Partners Personnel duties and obligations under California Uniform Commercial Code section 11207.

81.     Defendant Chase had actual knowledge of the inconsistency between the intended beneficiary name, Partners Personnel, and the Fraudulent Account number belonging to Unnamed Party.

82.     Defendant Chase knew that the name of the intended beneficiary, Partners Personnel, and the Unnamed Party's account number, bore no resemblance to and had nothing in common with each other.

83.     Neither Meridian nor Partners Personnel maintain accounts with Defendant Chase.

84.     Meridian has never wired money to Partners Personnel through Defendant Chase.

85.     Defendant Chase knew that Nonparty was retired and did not work.

86.     Defendant Chase knew that Nonparty's current income came from pensions and retirement accounts.

87.     Due to the discrepancy between the intended beneficiary name and the Fraudulent Account number, Defendant Chase wired the funds to the Fraudulent Account.

88.     The funds transferred to the Fraudulent Account were immediately depleted. Defendant John Doe One transferred the fraudulently obtained funds from Meridian in the Fraudulent Account to another account.

89.     On September 30, 2022, Meridian issued a wire transfer to intended beneficiary

10

Partners Personnel in the amount of $142,756.91 reflecting a notation that payment was for "Invoice # 500065793."

90.    On October 11, 2022, Meridian issued a wire transfer to intended beneficiary Partners Personnel in the amount of $132,266.80 reflecting a notation that payment was for "Invoice # 500066988" and "Invoice # 500068150."

91.    On October 17, 2022, Meridian issued a wire transfer to intended beneficiary Partners Personnel in the amount of $107,330.04 reflecting a notation that payment was for "Invoice # 500069598," "Invoice # 500057515-1," "Invoice # 500057516-1," "Invoice # 500071050."

92.    Within just 17 days, Defendant Chase processed three wire transfers into the Fraudulent Account, belonging to a retired individual, totaling $382,353.75.

93.    There exists a complete disconnect between the designated beneficiary and account because the designated beneficiary and account name bear no resemblance to each other and have nothing common with each other.

94.    Since there exists a complete disconnect between the designated beneficiary and account, Defendant Chase was not entitled to rely solely on the intended beneficiary account number as the proper identification of the beneficiary wire transfer order.

95.    No person had rights as beneficiary and Defendant Chase, therefore, breached its obligations under California Uniform Commercial Code section 1120 when it accepted the three wire transfer orders from Meridian.

96.    As a direct and proximate cause of Defendant Chase's conduct, Plaintiff Meridian has suffered damages in an amount no less than $382,353.75.

**FIFTH CAUSE OF ACTION**

**DECLARATORY RELIEF**

**By Plaintiffs Meridian and Partners Personnel**

**Against John Doe One, JPMorgan Chase Bank, N.A. and Does 2-50**

97.    Plaintiffs hereby incorporate all previous paragraphs of this Complaint as though fully set forth herein.

11

**FIRST AMENDED COMPLAINT**

98.     An actual controversy exists between Plaintiffs and Defendant John Doe One relating to the legal rights and duties of the respective parties concerning John Doe One's hacking, phishing, intercepting of emails, and related deceit.

99.     An actual controversy exists between Plaintiffs and Defendant Chase relating to Chase's legal obligations under California Uniform Commercial Code section 11207.

100.    Accordingly, Plaintiffs respectfully request the Court adjudicate the legal rights and duties of the respective parties concerning the allegations set forth above.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs pray for judgment against Defendants, and each of them, jointly and severally, and that the Court award Plaintiffs as follows:

## ON THE FIRST CAUSE OF ACTION

1.     For compensatory damages against Defendants, and each of them, jointly and severally, in an amount no less than $382,353.75.

2.     For punitive damages against Defendants, and each of them, jointly and severally, in an amount not to exceed the limits of constitutional due process.

3.     For costs of suit.

4.     For such other relief as the Court may deem just and proper.

## ON THE SECOND CAUSE OF ACTION

1.     For compensatory damages against Defendants, and each of them, jointly and severally, in an amount no less than $382,353.75.

2.     For punitive damages against Defendants, and each of them, jointly and severally, in an amount not to exceed the limits of constitutional due process.

3.     For costs of suit.

4.     For such other relief as the Court may deem just and proper.

## ON THE THIRD CAUSE OF ACTION

1.     For compensatory damages against Defendants, and each of them, jointly and severally, in an amount no less than $382,353.75.

2.     For punitive damages against Defendants, and each of them, jointly and severally,

12

in an amount not to exceed the limits of constitutional due process.

3.      For costs of suit.

4.      For such other relief as the Court may deem just and proper.

<u>**ON THE FOURTH CAUSE OF ACTION**</u>

5.      For compensatory damages against Defendants, and each of them, jointly and severally, in an amount no less than $382,353.75.

6.      For punitive damages against Defendants, and each of them, jointly and severally, in an amount not to exceed the limits of constitutional due process.

7.      For costs of suit.

8.      For such other relief as the Court may deem just and proper.

<u>**ON THE FIFTH CAUSE OF ACTION**</u>

1.      For declaratory relief concerning the legal rights and duties of the respective parties hereto.

2.      For such other relief as the Court may deem just and proper.

<u>**ON ALL CAUSES OF ACTION**</u>

1.      For a jury trial.

2.      For costs of suit.

3.      For interest.

4.      For such other relief as the Court may deem just and proper.

Dated: May 29, 2024                          **MANASSERIAN LAW, APC**

By: /s/ *Armen Manasserian*
Armen Manasserian, Esq.
Counsel for Plaintiffs,
Meridian Growers Processing, Inc. and
Partners Personnel – Management Services, LLC

13

**FIRST AMENDED COMPLAINT**

**IN THE SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF MADERA**

|  |  |
|---|---|
| Meridian Growers Processing, Inc. et al<br>　　　Plaintiff/Petitioner,<br><br>VS.<br><br>John Doe One<br>　　　Defendant/Respondent. | Case No.　　**MCV089657**<br><br>Event Date:　**May 30, 2024**<br>Event Type:　**Case Management Conference**<br><br>Judge:　　**Brian W. Enos**<br>Clerk:　　**Lori Bueno**<br>Reporter:　**Deja Garver-Cole**<br>☐ INTERPRETER<br>Companion Cases: |

**Minutes**

Appearances:　☐ No appearances　　☒ Matter heard by Court Call　☐ Matter heard via Zoom
　　　　　　　☐ Party:　_____　　　　　　　　　　　　　Attorney:　Armen Manasserian
　　　　　　　☐ Party:　_____　　　　　　　　　　　　　Attorney:　_____
　　　　　　　☐ Party:　_____　　　　　　　　　　　　　Attorney:　_____
　　　　　　　☐ Party:　_____　　　　　　　　　　　　　Attorney:　_____
　　　　　　　☐ Party:　_____　　　　　　　　　　　　　Attorney:　_____

Court calls the matter and recites a brief history of the case.

Counsel indicates a 1st amended complaint will be filed to bring in defendant Chase as noted.

Court continues the case management conference to 07-25-2024 at 8:30 AM in department 45.

Notice waived.

Counsel to provide notice to defendants.

**MANASSERIAN LAW, APC**
Armen Manasserian (SBN 288199)
595 E. Colorado Blvd., Suite 810
Pasadena, California 91101
Tel.: (626) 469-0500
Fax: (626) 469-0510
Email:  armen@ml-apc.com

Counsel for Plaintiffs,
Meridian Growers Processing, Inc. and
Partners Personnel – Management Services, LLC

ELECTRONICALLY FILED
Superior Court of California,
County of Madera
05/30/2024 at 04:55:05 PM
By: Danyele Cerda, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF MADERA

| | |
|---|---|
| MERIDIAN GROWERS PROCESSING, INC., a California Corporation; PARTNERS PERSONNEL – MANAGEMENT SERVICES, LLC, a Delaware Limited Liability Company,<br><br>              Plaintiffs,<br><br> v.<br><br>JPMORGAN CHASE BANK, N.A., a Delaware corporation; JOHN DOE ONE, an individual; DOES 2 - 50, inclusive,<br><br>              Defendants. | Case No.:  MCV089657<br><br>**NOTICE OF CONTINUED CASE MANAGEMENT CONFERENCE**<br><br>Date:     July 25, 2024<br>Time:    8:30 a.m.<br>Dept.:    45 |

/ / /

1

**NOTICE OF CONTINUED CASE MANAGEMENT CONFERENCE**

Electronically Submitted on 05/30/24 4:55 PM

**TO ALL PARTIES AND COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that the Court held a Case Management Conference on May 30, 2024 in Department 45 of the above-captioned courthouse.  The Court then continued the Case Management Conference to July 25, 2024 at 8:30 a.m.

Dated: May 30, 2024                    **MANASSERIAN LAW, APC**


                                           _/s/ *Armen Manasserian*_____
                                        Armen Manasserian
                                        Attorneys for Plaintiffs,
                                        Meridian Growers Processing, Inc. and
                                        Partners Personnel – Management Services, LLC

2

**NOTICE OF CONTINUED CASE MANAGEMENT CONFERENCE**

**SUM-100**

*AMENDED*
# SUMMONS
*(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

JPMorgan Chase Bank, N.A., a Delaware corporation; JOHN DOE ONE, an individual; DOES 2-50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MERIDIAN GROWERS PROCESSING, INC., a California Corporation; PARTNERS PERSONNEL – MANAGEMENT SERVICES, LLC, a Delaware Limited Liability Company

> *FOR COURT USE ONLY*
> *(SOLO PARA USO DE LA CORTE)*
>
> **ELECTRONICALLY FILED**
> Superior Court of California,
> County of Madera
> **05/30/2024 at 10:50:03 AM**
> By: Rosie Bueno, Deputy Clerk

Electronically Submitted on 05/30/24 10:50 AM

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Madera Superior Court - 200 South G Street, Madera, CA 93637 | CASE NUMBER: *(Número del Caso):*<br>MCV089657 |
| --- | --- |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Armen Manasserian - Manasserian Law, APC - 595 E. Colorado Blvd., Ste. 810, Pasadena, CA 91101 (626) 469-0500

DATE:
*(Fecha)* 05/30/2024    Adrienne Calip / Clerk of Court    Clerk, by *(Secretario)* _____ , Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

The electronic signature and seal on this document have the same validity and legal force and effect as an original signature and court seal. California Government Code §68150(g).

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☐ on behalf of *(specify)*:

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

**Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*