**GREENBERG TRAURIG, LLP**
Lisa C. McCurdy (SBN 228755)
Layal L. Bishara (SBN 329154)
1840 Century Park East, Suite 1900
Los Angeles, California 90067
Telephone:     (310) 586-7700
Facsimile:     (310) 586-7800
mccurdyl@gtlaw.com
bisharal@gtlaw.com

Attorneys for Defendant JPMorgan Chase Bank, N.A.

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERIDIAN GROWERS PROCESSING, INC., a California Corporation; PARTNERS PERSONNEL – MANAGEMENT SERVICES, LLC, a Delaware Limited Liability Company,<br><br>    Plaintiffs,<br><br>    v.<br><br>J.P. MORGAN CHASE BANK, N.A., a Delaware corporation; JOHN DOE ONE, an individual; DOES 2-50, inclusive,<br><br>    Defendants. | CASE NO. 1:24-CV-00781-KES-SKO<br><br>**DEFENDANT JPMORGAN CHASE BANK, N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Assigned to Hon. Kirk E. Sherriff]<br><br>Date:        August 26, 2024<br>Time:        1:30 p.m.<br>Courtroom: 6<br><br>Action Filed:        May 30, 202<br>Action Removed:    July 2, 2024 |

NOTICE OF MOTION AND MOTION TO DISMISS

ACTIVE 700130154

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on August 26, 2024, at 1:30 p.m., or as soon thereafter as the matter may be heard, in Courtroom 6 of the above-entitled Court, located at 2500 Tulare Street, Fresno, California 93721, Defendant JPMorgan Chase Bank, N.A. ("Chase") will and hereby does, move the Court for an order dismissing the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

Plaintiffs Meridian Growers Processing, Inc. ("Meridian") and Partners Personnel – Management Services, LLC's ("Partners Personnel") (collectively, "Plaintiffs") claims against Chase fail to state a claim for which relief may be granted and should be dismissed in their entirety. Plaintiffs' claim for violation of California Commercial Code Section 11207 fails to plausibly allege Chase's actual knowledge, which is a requirement for liability under Section 11207. Additionally, Plaintiffs fail to allege that Chase proximately caused the alleged damage they suffered. Accordingly, Plaintiffs' Section 11207 claim and declaratory relief claim, which is based on the same facts as the Section 11207 claim, fail as a matter of law. Therefore, Chase respectfully requests that both of Plaintiffs' claims against Chase be dismissed with prejudice.

On July 16, 2024, counsel for Chase and Plaintiffs met and conferred via telephone regarding the issues set forth in this Motion. Counsel discussed the deficiencies with Plaintiffs' claims against Chase, but were unable to reach an agreement, thereby necessitating this Motion.

Dated: July 19, 2024                                    GREENBERG TRAURIG, LLP

By:      /s/ Layal L. Bishara
              Lisa C. McCurdy
              Layal L. Bishara
              Attorneys for Defendant JPMorgan Chase Bank, N.A.

NOTICE OF MOTION AND MOTION TO DISMISS

ACTIVE 700130154

## **TABLE OF CONTENTS**

I.     INTRODUCTION ...................................................................................................1

II.    STATEMENT OF FACTS ......................................................................................2

III.   ARGUMENT .........................................................................................................2

      A.    Legal Standard ...........................................................................................2
      B.    Plaintiffs Fail to State a Claim for Violation of California Commercial Code Section 11207...........................................................................................3
      C.    Plaintiffs' Declaratory Relief Claim Is Based on the Section 11207 Claim and Thus Fails..............................................................................................6
      D.    Plaintiffs' Claims Fail for the Additional Reason that None of Plaintiffs' Purported Damages Were Proximately Caused by Chase. ..............................6

IV.   LEAVE TO AMEND SHOULD BE DENIED .......................................................7

V.    CONCLUSION......................................................................................................7

NOTICE OF MOTION AND MOTION TO DISMISS

ACTIVE 700130154

**TABLE OF AUTHORITIES**

**Page(s)**

**Federal Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)............................................................................................................2, 3

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007)...............................................................................................................2

*Cervantes v. Countrywide Home Loans, Inc.*,
656 F.3d 1034, 1041 (9th Cir. 2011) ......................................................................................7

*Decker v. GlenFed, Inc.*,
    42 F.3d 1541 (9th Cir. 1994) .................................................................................................5

*Deerinck v. Heritage Plaza Mortg., Inc.*,
No. 2:11-cv-01735-MCE-EFB, 2012 U.S. Dist. LEXIS 45728, at *15 (E.D. Cal. Mar. 29, 2012) ............6

*Frankel-Ross v. Congregation OHR Hatalmud*,
    No. 15 Civ. 6566 (NRB), 2016 WL 4939074 (S.D.N.Y. Sept. 12, 2016) ................................4

*In re GlenFed, Inc. Sec. Litig.*,
    42 F.3d 1541, 1546 (9th Cir. 1994) ......................................................................................5

*Kanter-Doud v. Wells Fargo Bank, N.A.*,
No. 2:23-cv-00678-DAD-AC, 2024 U.S. Dist. LEXIS 17904, at *18 (E.D. Cal. Jan. 31, 2024) ...............5

*NewTexas Films Corp. v. Bank of America Arizona*,
    No. Civ. 96–2529 PHX PGR, 1999 WL 33919835 (D. Ariz. Aug. 17, 1999) ......................4

*Pagtalunan v. Reunion Mortg., Inc.*,
No. C-09-00162 EDL, 2009 U.S. Dist. LEXIS 34811, at *6 (N.D. Cal. Apr. 8, 2009) ............6

*Paramount Contrs. & Developers, Inc. v. City of Los Angeles*,
    805 F. Supp. 2d 977 (C.D. Cal. 2011) ...................................................................................7

*Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*,
    494 F.3d 788 (9th Cir. 2007) .................................................................................................3

*Sliders Trading Co. L.L.C. v. Wells Fargo Bank NA*,
No. 17-cv-04930-LB, 2017 U.S. Dist. LEXIS 211169, at *20 (N.D. Cal. Dec. 21, 2017) ........................5

*Wellisch v. PA. Higher Educ. Assistance Agency*,
No. 17-cv-00213-BLF, 2018 U.S. Dist. LEXIS 92311, at *11 (N.D. Cal. June 1, 2018) ..........................6

NOTICE OF MOTION AND MOTION TO DISMISS

**State Cases**

*Casey v. U.S. Bank Nat'l Ass'n*,
  127 Cal. App. 4th 1138 (2005) ..................................................................................................6

*Chicago Title Ins. Co. v. Superior Court*,
  174 Cal. App. 3d 1142 (1985) ..................................................................................................6

*State Farm Mut. Auto. Ins. Co. v. Allstate Ins. Co.*,
  9 Cal. App. 3d 508 (1970) ........................................................................................................6

*TME Enterprises, Inc. v. Norwest Corp.*,
  124 Cal. App. 4th 1021, 1037 (2004) ....................................................................................4, 5

**State Statutes**

Cal. Civ. Code § 3333.................................................................................................................6

Cal. U. Com. Code § 11207 .......................................................................................................4

Cal. U. Com. Code § 11207(b) ...................................................................................................4

Cal. U. Com. Code § 11207, cmt. 2 .......................................................................................4, 5

**Rules**

Fed. R. Civ. P. 8(a) .....................................................................................................................2

Fed. R. Civ. P. 8(a)(2).................................................................................................................2

Fed. R. Civ. P. 12(b)(6)...............................................................................................................2

iii

NOTICE OF MOTION AND MOTION TO DISMISS

ACTIVE 700130154

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

## I.     <u>INTRODUCTION</u>

According to the First Amended Complaint ("FAC"), in September and October 2022, Plaintiff Meridian Growers Processing, Inc. ("Meridian") initiated and authorized three wire transfers from its bank totaling approximately $380,000 to an account at JPMorgan Chase Bank, N.A. ("Chase"), allegedly intended for Plaintiff Partners Personnel – Management Services, LLC ("Partners Personnel"). Plaintiffs are not Chase customers and neither have any accounts with Chase. Chase did not draft or complete the wire instructions or wire paperwork. Chase did not send the wires, which were created and sent by Meridian's own bank pursuant to Meridian's instructions. As required under California's Commercial Code, upon receiving the funds sent by Meridian, Chase simply followed Meridian's wire instructions and processed the transfers initiated by Meridian into the account number Meridian identified in the wire instructions. Following Chase's proper handling of the transfers, Meridian allegedly learned that, as a result of Defendant John Doe One's alleged fraud, it had sent the wires to John Doe One instead of Partners Personnel. Against those facts, Meridian and Partners Personnel improperly seek to impose liability upon Chase for the three wire transfers Meridian initiated, authorized, and requested from its own bank, bringing claims against Chase for violation of California Uniform Commercial Code Section 11207 ("Section 11207" or "Division 11") and declaratory relief. Plaintiffs' claims against Chase are contrary to law and should be dismissed for several reasons.

***First***, Chase complied with all obligations under Division 11 by accepting the wire transfers at issue per the instructions provided from Meridian's bank, which initiated the transfers and sent the wires. For this reason alone, the claim fails as a matter of law and no amendment can cure it.

***Second***, because Plaintiffs' declaratory relief claim is based on their Section 11207 claim, the declaratory relief claim must be dismissed, too.

***Third***, the claims fail for the additional reason that none of Plaintiffs' purported damages were proximately caused by Chase. Rather, Plaintiffs allege that a third-party individual, Defendant John Doe One, defrauded Meridian by impersonating Partners Personnel. The FAC's allegations confirm that that Chase did not breach any legal duties to Plaintiffs under California law and that any damage suffered was not caused by Chase.

1

ACTIVE 700130154

In sum, this is a dispute among Plaintiffs and Defendant John Doe One—not Chase, who only processed the wire instructions that Meridian admittedly authorized. No liability can be imposed upon Chase. For these reasons, and as more fully set forth below, Plaintiffs' claims against Chase must be dismissed.

## II.    STATEMENT OF FACTS

Plaintiffs claim that in September and October 2022, they were "defrauded" by Defendant John Doe One, who was allegedly impersonating a representative of Partners Personnel, the company that provided staffing services to Meridian. (FAC ¶¶ 13-15.) Plaintiffs allege that John Doe One convinced Meridian that Partners Personnel created a new bank account at Chase and directed Meridian to transfer payment of outstanding invoices to an account at Chase. (*Id.* ¶¶ 16, 21.) Plaintiffs allege that on September 30, October 11, and October 17, 2022, Meridian initiated wire transfers from Meridian's bank account, totaling $382,353.75. (*Id.* ¶¶ 33, 38, 43, 48.) Upon receiving the wires, Chase processed them into the account at Chase as instructed by Meridian's wire instructions from its own bank. (*Id.*) Plaintiffs then draw the legal conclusion that Chase therefore "breached its obligations under California Uniform Commercial Code section 1120," despite the fact that Plaintiffs have no account with Chase, and that Chase had nothing to do with creating the wire instructions or sending the wire transfers. (*Id.* ¶ 95.)

Based on these allegations, Plaintiffs state two causes of action against Chase for (1) violation of section 11207 of the California Commercial Code, and (2) declaratory relief. Each of Plaintiffs' claims against Chase fail as a matter of law and should be dismissed.

## III.    ARGUMENT

### A.    Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under Federal Rule of Civil Procedure 8(a), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Specifically, legal conclusions are insufficient unless they are supported by factual allegations. *Id.*

NOTICE OF MOTION AND MOTION TO DISMISS
ACTIVE 700130154

These factual allegations need not be detailed, but must establish facial plausibility. *Id.* Facial plausibility is not established by "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," and a court need not accept such averments as true. *Id.*; *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 794 (9th Cir. 2007). Facial plausibility only exists when sufficient facts in the complaint "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678.

**B.    Plaintiffs Fail to State a Claim for Violation of California Commercial Code Section 11207.**

Plaintiffs' cause of action for violation of Commercial Code Section 11207 fails as a matter of law because (1) Plaintiffs authorized the wire transfers at issue and do not allege that Chase had actual knowledge of a discrepancy between the name and the account number in Meridian's wire instructions, as is required for liability under Section 11207(b), and (2) a discrepancy between the beneficiary name on the wire instructions and the name on the receiving account is insufficient to establish actual knowledge as a matter of law.

Under Division 11 (also referred to as "Article 4A") of the California UCC, the "sender" is defined as "the person giving the instruction to the receiving bank" to send the funds. *Id.* § 11103(a)(5). The "receiving bank" is defined as "the bank to which the sender's instruction is addressed." *Id.* § 11103(a)(4). On the other side of the transaction, the "beneficiary" is "the person to be paid by the beneficiary's bank." *Id.* § 11103(a)(2). The beneficiary's bank is "the bank identified in a payment order in which an account of the beneficiary is to be credited pursuant to the order." *Id.*, § 11103(a)(3).

Section 11207 of Division 11 sets forth Chase's duties as a beneficiary bank when processing a wire transfer where, as here, it receives instructions with an account number that matches one of its accounts but the beneficiary name is inconsistent, and confirms that there can be no claim against Chase as a matter of law. Section 11207(b) sets forth in relevant part:

> (b) if a payment order received by the beneficiary's bank identifies the beneficiary both by name and by an identifying or bank account number and the name and number identify different persons, the following rules apply:

> (1)… if the beneficiary's bank does not know that the name and number refer to different persons, it may rely on the number as the proper identification of the beneficiary

3

NOTICE OF MOTION AND MOTION TO DISMISS

ACTIVE 700130154

of the order. ***The beneficiary's bank need not determine whether the name and number refer to the same person***.

Cal. U. Comm. Code § 11207 (emphasis added). Although it may be "possible" for a beneficiary bank to determine whether a name and number refer to the same person, imposing such a duty on beneficiary banks would mean "the benefits of automated payment are lost." *Id.*, cmt. 2. Thus, Section 11207 allows banks "to act on the basis of the number without regard to the name if the bank does not know that the name and number refer to different persons." *Id.* Under the UCC, "know" is defined as actual knowledge. *Id.*

Consistent with the plain language of Section 11207(b) and the official UCC comments, courts routinely hold that a beneficiary bank's ***only*** duty is to act based on the account number provided the instructions provided. *See, e.g.*, *TME Enterprises, Inc. v. Norwest Corp.*, 124 Cal. App. 4th 1021, 1037 (2004) (under the California UCC, "an ignorant beneficiary's bank may rely on the number and may process the payment order mechanically or electronically without requiring that a person look at the verbal indication of the beneficiary's name. It need not even determine whether the name and number refer to the same person. This conclusion is consistent with the idea that typical funds transfers should be speedy, inexpensive and not labor intensive."); *NewTexas Films Corp. v. Bank of America Arizona*, No. Civ. 96–2529 PHX PGR, 1999 WL 33919835, at *1-3 (D. Ariz. Aug. 17, 1999) (discussing a beneficiary's bank's liability under Arizona's section § 47-4A-207, the equivalent of § 11207(b) of the California UCC); *Frankel-Ross v. Congregation OHR Hatalmud*, No. 15 Civ. 6566 (NRB), 2016 WL 4939074, at *3-4 (S.D.N.Y. Sept. 12, 2016) (holding beneficiary bank was not liable when a third party fraudulently induced the plaintiff to wire funds). It is undisputed that is what happened here: as required, Chase followed the instructions provided by Meridian.

Plaintiffs attempt to evade the UCC's protections and requirements by alleging that because of "the inconsistency between the intended beneficiary name, Partners Personnel, and the Fraudulent Account number belonging to Unnamed Party," Chase "knew that the name of the intended beneficiary, Partners Personnel, and the Unnamed Party's account number, bore no resemblance to and had nothing in common with each other." (FAC ¶¶ 81-82.) But as Section 11207 makes clear, this conclusory allegation is insufficient to establish actual knowledge, and is directly contrary to the risk allocation mechanism established by the drafters of the UCC Article 4A. The statute expressly states that beneficiary banks like

4

NOTICE OF MOTION AND MOTION TO DISMISS

ACTIVE 700130154

Chase have no duty to "determine whether there [was] a conflict" and can properly rely upon "the number as the proper identification of the beneficiary of the order." § 11207, cmt 2.

It is undisputed from the allegations that Meridian authorized the wire instructions, Meridian's bank created and sent the wire instructions and initiated the wire transfers, and Chase simply followed Meridian's instructions by relying on the "account number specified in the wire transfer." *TME Enterprises, Inc.*, 124 Cal. App. 4th at 1036. Thus, Chase properly processed the wire instructions and carried out its obligations as a beneficiary bank. *See id.* (holding that "when an incoming wire transfer specified a valid account number, [and] the Bank [] post[ed] the transferred funds to the specified account number even if the wire transfer identified a beneficiary other than the holder of the account bearing the specified number," such a procedure was proper and in compliance with Section 11207).

Further, the FAC does not allege any facts demonstrating Chase's actual knowledge that the wire transfers were fraudulently induced, or that Chase knew they were going to an unintended recipient, particularly where Meridian's bank created and sent both the wire instructions and wires themselves, and Chase only followed Meridian's instructions. Nor do Plaintiffs explain how Chase should have known that the wire transfers were the result of an alleged fraud, when Meridian sent three transfers over a two-week period to the same account. And Plaintiffs' "red flag" allegations are insufficient to constitute actual knowledge. *See Sliders Trading Co. L.L.C. v. Wells Fargo Bank NA*, No. 17-cv-04930-LB, 2017 U.S. Dist. LEXIS 211169, at *20 (N.D. Cal. Dec. 21, 2017) (applying California law and holding that the allegation that beneficiary bank "should have noticed red flags surrounding the transactions…does not translate to [beneficiary bank's] actual knowledge."). Instead, Plaintiffs must allege specific facts regarding *who* at Chase allegedly had actual knowledge, *how* they obtained that purported actual knowledge, and *what* that purported actual knowledge consisted of. *See Kanter-Doud v. Wells Fargo Bank, N.A.*, No. 2:23-cv-00678-DAD-AC, 2024 U.S. Dist. LEXIS 17904, at *18 (E.D. Cal. Jan. 31, 2024) (dismissing complaint for failure to allege specific facts demonstrating actual knowledge and only alleging facts supporting a "reasonable inference"). Plaintiffs do not allege any such facts. Simply put, the FAC does not even come close to alleging sufficient facts to establish actual knowledge. *See In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1546 (9th Cir. 1994), *rev'd in part on other grounds* (emphasis added) (a plaintiff must "*set forth facts from which an inference of scienter could be drawn.*").

5

NOTICE OF MOTION AND MOTION TO DISMISS

ACTIVE 700130154

Lastly, under California law, Chase "owes no duty to nondepositors to investigate or disclose suspicious activities on the part of an account holder," and thus, owed no duty to nondepositor Plaintiffs, who do not bank with Chase and have no account with Chase. *Casey v. U.S. Bank Nat'l Ass'n*, 127 Cal. App. 4th 1138, 1149 (2005); *see also Chicago Title Ins. Co. v. Superior Court*, 174 Cal. App. 3d 1142, 1159 (1985) ("If … banks had a duty to reveal suspicions about their customers, they would violate their customers' right to privacy…We refuse to recognize such a duty by banks to inform on suspicious customers, and we thereby avoid the loss of privacy, expense and commercial havoc that would result from such a holding.").

Because Chase acted in compliance with Article 4A of the California UCC, Plaintiffs' claim for violation of Commercial Code Section 11207 must be dismissed.

**C.      Plaintiffs' Declaratory Relief Claim Is Based on the Section 11207 Claim and Thus Fails.**

As to Chase, Plaintiffs' claim for declaratory relief only seeks a declaration regarding "Chase's legal obligations under California Uniform Commercial Code section 11207." (FAC ¶ 99.) Because Plaintiffs' Section 11207 claim fails as a matter of law as discussed above, and because the declaratory relief claim is based entirely on the Section 11207 claim, Plaintiffs' declaratory relief claim fails on its face, too. *Deerinck v. Heritage Plaza Mortg., Inc.*, No. 2:11-cv-01735-MCE-EFB, 2012 U.S. Dist. LEXIS 45728, at *15 (E.D. Cal. Mar. 29, 2012) (dismissing declaratory relief claim where claim was based on failed breach of contract claim); *Wellisch v. PA. Higher Educ. Assistance Agency*, No. 17-cv-00213-BLF, 2018 U.S. Dist. LEXIS 92311, at *11 (N.D. Cal. June 1, 2018) (same); *Pagtalunan v. Reunion Mortg., Inc.*, No. C-09-00162 EDL, 2009 U.S. Dist. LEXIS 34811, at *6 (N.D. Cal. Apr. 8, 2009) (same).

**D.      Plaintiffs' Claims Fail for the Additional Reason that None of Plaintiffs' Purported Damages Were Proximately Caused by Chase.**

Both Plaintiffs' claims fail for the additional reason that Plaintiffs fail to allege that any of their purported damages were proximately caused by Chase. *State Farm Mut. Auto. Ins. Co. v. Allstate Ins. Co.*, 9 Cal. App. 3d 508, 528 (1970) (citing Cal. Civ. Code § 3333) ("Whether the theory of recovery is breach of contract or tort, damages are limited to those proximately caused by their wrong."). Plaintiffs do not and cannot allege that Chase wired the funds to an account different than the one identified by Meridian or that

6

NOTICE OF MOTION AND MOTION TO DISMISS

ACTIVE 700130154

Chase created the wire instructions and initiated the wires. Rather, Plaintiffs concede that a third-party fraudster, Defendant John Doe One, supposedly tricked Plaintiffs into wiring the funds. There is no connection whatsoever to Chase here and that alleged deception. All Chase did, as Plaintiffs concede, is follow Meridian's authorized wire instructions, as required. Plaintiffs' alleged loss stems from Defendant John Doe One's alleged actions—not Chase's. Thus, Plaintiffs' claims fail and should be dismissed with prejudice. *See Paramount Contrs. & Developers, Inc. v. City of Los Angeles*, 805 F. Supp. 2d 977, 999 (C.D. Cal. 2011) (dismissing plaintiff's claims with prejudice for failing to allege that its purported damages were proximately caused by defendant's alleged wrongful conduct).

## IV.   LEAVE TO AMEND SHOULD BE DENIED

Because established law demonstrates that the facts at issue here do not give rise to any violation of Section 11207, each of Plaintiffs' claims against Chase fails and amending the FAC would not cure the defects. Under these circumstances, the Court has wide discretion to deny Plaintiffs leave to amend. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) ("Although leave to amend should be given freely, a district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile."). Thus, leave to amend should be denied.

## V.   CONCLUSION

For all the foregoing reasons, Chase respectfully requests that Plaintiffs' claims against it be dismissed in their entirety with prejudice.

Respectfully submitted,

Dated: July 19, 2024                    GREENBERG TRAURIG, LLP

By:   */s/ Layal L. Bishara*
        Lisa C. McCurdy
        Layal L. Bishara
        Attorneys for Defendant JPMorgan Chase Bank, N.A.

7
NOTICE OF MOTION AND MOTION TO DISMISS

ACTIVE 700130154